STATE OF NORTH CAROLINA v. MORGAN JESSIE LEE

No. 118

(Filed 24 January 1978)

**Homicide § 21.4— defendant as perpetrator—insufficiency of evidence**

Defendant's motion for nonsuit should have been allowed in a murder prosecution where the evidence established a murder and showed that defendant had the opportunity, means and perhaps the mental state to have committed the murder, but there was no showing that defendant actually shot the victim.

APPEAL by the State from the decision of the Court of Appeals, reported in 34 N.C. App. 106, 237 S.E. 2d 315 (1977), reversing the judgment of *Webb, J.*, 31 January 1977 Regular Session of SAMPSON Superior Court.

Defendant was tried on a bill of indictment, proper in form, charging him with the murder of Brenda Thornton Jones. The jury returned a verdict of second degree murder and defendant was sentenced to thirty years imprisonment.

The Court of Appeals reversed, and the State appealed as of right by reason of the dissent of one member of the hearing panel. G.S. 7A-30(2).

*Attorney General Rufus L. Edmisten and Assistant Attorney General James Peeler Smith for the State, appellant.*

*Holland, Poole & Newman by R. Maurice Holland for defendant appellee.*

MOORE, Justice.

The question presented by this appeal is whether the Court of Appeals erred in reversing the trial court on the ground that defendant's motion for judgment as of nonsuit should have been granted. We hold that it did not.

The State's evidence tends to show the following:

On Saturday evening, 28 August 1976, the body of Brenda Thornton Jones was discovered several miles from defendant's home in a clearing in the woods some 150 yards from N.C. Highway 242 in rural Sampson County. She had two small bullet holes in the left side of her neck. Prior to her death the defendant and the deceased had been living together in a trailer located at Dreamland Trailer Park on Murchison Road in Fayetteville.

On Saturday evening about 8:00 p.m., just before the body was discovered, John Hayes, Chief of Police of Newton Grove, went to defendant's father's home, located three miles south of Newton Grove just off U.S. Highway 13. When the officer arrived, the defendant was standing in the yard of his father's home, and was acting quite nervously. Defendant told the officer that he had been shot by a man unknown to the defendant. Chief Hayes called the rescue squad, and defendant was carried to the hospital for

treatment of a wound to his side. On inquiry Chief Hayes learned from Jessie Lee, defendant's father, that defendant had been shot by Jessie Lee himself during a scuffle with the defendant. Chief Hayes then obtained a .25-caliber automatic pistol from Peggy, defendant's sister. At trial Officer Hayes testified that as a result of their investigation the officers went a few miles over on Highway 242 near Tower's Gas Company. There Bruce Warren was standing by the road and directed them to the body of the victim, Brenda Jones, lying some 150 yards from the highway. At least two other men were at the scene when the officers arrived.

Detective Gene Faircloth arrived at the scene soon thereafter. He searched the area around the body, and found no evidence of any sort. He then went to the hospital in order to question the defendant. On being asked where Brenda Jones was, defendant told the officer that he did not know, that he had not seen her since 7:30 that morning (Saturday, August the 28th), and that she had left without telling the defendant where she was going. Detective Faircloth further testified: "When I asked him about Brenda, he denied knowing anything, sort of smiled and said, well, you read my rights and everything, didn't you."

Willie Phillips and Helen Robinson, neighbors of the deceased, testified that the deceased had been beaten by defendant on two separate occasions within the two weeks prior to her death. Before Brenda's death defendant told Phillips that he had beaten Brenda because she told the defendant that she and Phillips were having an affair. Phillips said that a few days prior to the discovery of Brenda's body he had seen the defendant in possession of a .25-caliber automatic similar to that pistol marked State's Exhibit 1. On Friday night prior to the discovery of the body, Phillips heard two shots fired outside his trailer. Helen Robinson testified that on Thursday or Friday morning, August 26th or 27th, she had a conversation with the defendant wherein he told her that he was going to kill Brenda Jones.

Two lead fragments were taken from the body of Brenda Jones, but were "unsuitable for identifying the weapon from which they may have been fired." The .25-caliber pistol which defendant's sister gave to Officer Hayes but which was not identified as belonging to defendant, and a fired cartridge casing, the origin of which was never established at trial, were introduced

into evidence. It was not shown that the cartridge casing was fired from the pistol introduced at trial.

Jessie Lee, father of the defendant, testified that his son came to his home during the early evening of Saturday, 28 August. Defendant had a pistol with him at this time. Jessie Lee and defendant had an argument, and during a scuffle defendant was shot in the side. Both defendant's father and his sister, Annie Royal, testified that defendant did not mention Brenda Jones that evening.

Defendant offered no evidence.

On a motion for nonsuit in a criminal case the evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference of fact deducible from the evidence. *State v. Furr*, 292 N.C. 711, 235 S.E. 2d 193 (1977); *State v. McKinney*, 288 N.C. 113, 215 S.E. 2d 578 (1975). If there is substantial evidence, whether direct, circumstantial or both, to support a finding that the offense charged has been committed and that the defendant committed it, a case for the jury is made out and nonsuit should be denied. *State v. McKinney, supra; State v. Cook*, 273 N.C. 377, 160 S.E. 2d 49 (1968). However, in order to prove that defendant committed the crime and thus withstand the motion for nonsuit, there must be substantial evidence of all material elements of the crime. *State v. Furr, supra; State v. Evans*, 279 N.C. 447, 183 S.E. 2d 540 (1971); *State v. Morgan*, 268 N.C. 214, 150 S.E. 2d 377 (1966); *State v. Palmer*, 230 N.C. 205, 52 S.E. 2d 908 (1949). Evidence which is sufficient only to raise a suspicion or conjecture of guilt is insufficient to withstand nonsuit. *State v. Furr, supra; State v. Evans, supra; State v. Palmer, supra. Cf. State v. Minor*, 290 N.C. 68, 224 S.E. 2d 180 (1976).

In a murder case, to overcome a motion for nonsuit and justify a conviction of the defendant, the State must offer evidence from which it can be reasonably inferred (1) that deceased died by virtue of a criminal act, and (2) that the act was committed by the defendant. *State v. Furr, supra; State v. Jones*, 280 N.C. 60, 184 S.E. 2d 862 (1971); *State v. Palmer, supra*. The State has presented sufficient evidence to establish the first of these requirements, but it has failed to present enough evidence to support the second — that is, that Brenda Jones was murdered by the defendant.

The State's evidence shows that defendant probably beat the victim on two occasions just before her death, and it further shows that defendant threatened to kill the victim a day or two before her death. The State argues that this evidence is sufficient to permit the inference that the defendant bore malice toward Brenda Jones. Assuming that this evidence is sufficient to establish the *mens rea* in this case, the State's case still must fail since it has not offered substantial evidence which shows that defendant committed the act of murder. The criminal act cannot be inferred from evidence of state of mind alone. *Cf. State v. Furr, supra; State v. Palmer, supra.*

The State's evidence in this case establishes a murder; and considered in the light most favorable to the State, shows that the defendant had the opportunity, means and perhaps the mental state to have committed this murder. Such facts, taken in the strongest view adverse to defendant, ". . . excite suspicion in the just mind that he is guilty, but such view is far from excluding the rational conclusion that some other unknown person may be the guilty party. . . ." *State v. Goodson,* 107 N.C. 798, 12 S.E. 329 (1890). *See State v. Jones, supra.*

The evidence in the case at bar shows a brutal murder and raises a strong suspicion of defendant's guilt, but we are constrained to hold that the State failed to offer substantial evidence that the defendant was the one who shot Brenda Jones. Therefore, defendant's motion for nonsuit should have been allowed, and the Court of Appeals did not err in reversing the trial court's denial of defendant's motion for judgment as of nonsuit.

The decision of the Court of Appeals is affirmed.

Affirmed.