STATE OF NORTH CAROLINA v. JAVAN JOLLY

No. 21

(Filed 20 April 1979)

1. Searches and Seizures § 18— voluntariness of consents to searches of car

Findings by the trial court supported the court's conclusions that defendant's consent to a search of his car when he was detained at a service station immediately prior to his arrest for burglary and armed robbery and his consent to a search of his car at the police station after his arrest were voluntarily given, that neither consent was a mere submission to authority, and that the consents were not the result of duress or coercion, express or implied.

2. Searches and Seizures § 18— consent to search of vehicle—alleged failure to take defendant before magistrate without unnecessary delay

There is no merit in defendant's contention that a consent search of his car after his arrest was illegal because he was not taken before a magistrate "without unnecessary delay" as required by G.S. 15A-501(2) before he gave his written consent for the search where defendant failed to show how the alleged noncompliance with G.S. 15A-501(2) affected the voluntariness of his written consent.

3. **Burglary and Unlawful Breakings § 1— distinction between first and second degree burglary**

   The sole distinction between the two degrees of burglary is the element of actual occupancy of the dwelling house or sleeping apartment at the time of the breaking and entering.

4. **Burglary and Unlawful Breakings § 7— burglary prosecution—necessity for submitting felonious breaking or entering**

   To justify submission of felonious breaking or entering as a permissible verdict in this prosecution for first degree burglary, there must be evidence tending to show that defendant could have gained entry to the victim's motel room by means other than a burglarious breaking, i.e., a forcible entry.

5. **Burglary and Unlawful Breakings § 7— burglary prosecution—failure to submit felonious breaking or entering**

   The trial court in this first degree burglary case properly refused to submit felonious breaking or entering as a possible verdict where the evidence tended to show that defendant gained entry into the victim's motel room by a constructive breaking accomplished by pushing the victim into the room as he opened the door.

6. **Criminal Law § 120— failure to charge on punishment**

   The trial judge did not abuse his discretion in failing to charge as to the possible punishment for all the offenses submitted to the jury

7. **Burglary and Unlawful Breakings § 5— pushing victim into motel room—no actual occupation of room—second degree burglary only**

   The State's evidence failed to show that the victim was in the actual occupation of his motel room at the time of an alleged breaking and entry by defendant, and defendant's motion for nonsuit of first degree burglary should have been allowed and only second degree burglary should have been submitted to the jury, where such evidence tended to show that defendant was behind the victim as the victim approached the door to his motel room, the victim opened the door to the motel room, and as the victim was stepping inside the door he was pushed into the room by defendant.

DEFENDANT appeals from judgment of *Martin (John C.), J.,* 10 July 1978 Session, CUMBERLAND Superior Court.

Defendant was tried upon a two-count bill of indictment proper in form charging him with (1) burglary in the first degree and (2) armed robbery.

The State offered evidence tending to show that Mr. and Mrs. Morris Friedman checked into the Americana Motel in Fayetteville, North Carolina, on the afternoon of 22 December 1977. The Friedmans stayed in the motel room for an hour and then went out for dinner, returning to the motel at approximately

eight o'clock that evening. As they drove to their room they noticed two black men walking toward the back of the motel. Upon arriving at their room Mr. Friedman got out of the car first and proceeded to the room followed by Mrs. Friedman. Mrs. Friedman never saw her husband enter the motel room. As she approached she heard noises as if someone had pulled or pushed her husband into the motel room. As she entered she heard her husband say, "What are you doing?" Mrs. Friedman turned to the door and saw a black man pointing a pistol at her. She and her husband were told to lie facedown on the floor, which they did. The Friedmans were tied up and Mrs. Friedman was gagged. The intruders demanded money. Mrs. Friedman told them they didn't have any more money. The intruders then took jewelry and other possessions of the Friedmans and left. Mrs. Friedman managed to untie herself and reported the robbery. The desk clerk, Joe Brown, had noticed several black men just sitting in an automobile near the laundry room, had become suspicious, and had written down the license number of the vehicle. He called the police and reported the robbery.

Richard Bryant, a Spring Lake Police Officer, received a call to be on the lookout for a late model Cougar automobile with a certain license number. He saw the suspect automobile stopped at a self-service gas station and asked defendant, who was driving the car, to come to his patrol car. He read defendant his rights and searched him. Defendant gave permission to search his car and several items belonging to the Friedmans were found in it. Defendant and two other people who were in the car were then taken to the Law Enforcement Center and booked for burglary and armed robbery.

A fingerprint found at the scene of the robbery matched the defendant's fingerprint.

Defendant subsequently made a confession in which he stated that he and his friends had gone to the motel for the purpose of robbing someone since they needed some money. He stated that when they saw Mr. Friedman going to the room, they ran behind him and just as he was "coming in the door" they pushed him into the room, knocked him down, and made Mrs. Friedman also lie down between the beds while they went through Mrs. Friedman's pocketbook and other belongings. They then tied up the Friedmans, took their jewelry and money and left.

Defendant offered no evidence.

The trial court submitted as permissible verdicts, guilty of first degree burglary or not guilty, and guilty of armed robbery or not guilty. The jury convicted defendant of first degree burglary and armed robbery. Defendant was sentenced to life imprisonment for first degree burglary and ten to fifteen years for armed robbery to begin at the expiration of the life term. Defendant appealed the burglary conviction to this Court and the armed robbery conviction to the Court of Appeals. His motion to bypass the Court of Appeals as to the armed robbery conviction was allowed.

*Rufus L. Edmisten, Attorney General, by Joan H. Byers, Assistant Attorney General, for the State.*

*Neill H. Fleishman, for defendant appellant.*

HUSKINS, Justice.

[1]   Defendant contends the two searches of his automobile by the police were illegal and that the items seized during the searches were erroneously admitted into evidence. Upon Defendant's motion to suppress this evidence, the trial court found facts and concluded that the searches of defendant's car were valid consent searches and ruled that the items seized were admissible into evidence.

Defendant does not except to the findings made by the trial court at the voir dire hearing held pursuant to defendant's motion to suppress. These findings show that Richard Bryant, a Spring Lake Police Officer, received a radio call to be on the lookout for a late model Cougar automobile with a certain license number. Officer Bryant saw an automobile matching this description enter a self-service gas station. Defendant Jolly was the driver of this automobile. Officer Bryant followed the Cougar into the service station and radioed for back-up help. When the two vehicles stopped defendant got out and headed toward the rear of his car. Officer Bryant told defendant to come to his patrol car and advised him of the radio transmission concerning an armed robbery and motor vehicle description which matched the automobile being driven by defendant. At this point Officer Welch, another Spring Lake Police Officer, arrived at the scene in response to Of-

ficer Bryant's call for help. Welch stayed with defendant Jolly while Bryant got the other two passengers out of the detained automobile. In response to a question from Welch, defendant Jolly stated he was the owner of the Cougar car. After all three passengers were out of the automobile they were informed of the radio advisory. All three suspects were searched and given the *Miranda* warnings. No weapons were found on any of the three suspects.

Officer Welch requested and was granted permission by defendant Jolly to look into his car. With Jolly looking on, Welch searched the interior of the car and discovered various items including a gray shoulder bag bearing a name tag with the name of a subject who lived in New York. Officer Welch placed the other items discovered by him inside the shoulder bag and left the bag in the back seat of the automobile. Welch then asked Jolly for permission to look inside the trunk. Jolly consented, took the keys out of the ignition, and opened the trunk for Welch.

The Cougar automobile was towed to the Cumberland Law Enforcement Center. Defendant and the other suspects were arrested and taken there. Defendant gave Sergeant Weldon written permission to search the Cougar automobile. Weldon first tried to enter the Cougar from the driver's side but the key would not work. Jolly said, "It does not work. You have to go to the passenger's side." Weldon entered the automobile from the passenger side and conducted his search.

The foregoing findings amply support the conclusion of the trial court that consent to both searches was voluntarily given; that neither consent was a mere submission to authority; and that the consents were not the result of duress or coercion, express or implied. When a person voluntarily consents to a search, he cannot complain that his constitutional rights were violated. *State v. Harris*, 290 N.C. 681, 228 S.E. 2d 437 (1976), and cases cited therein. Consent to search freely and intelligently given renders competent the evidence thus obtained. *State v. Frank*, 284 N.C. 137, 200 S.E. 2d 169 (1973), and cases cited therein. *See also, Schneckloth v. Bustamonte*, 412 U.S. 218, 36 L.Ed. 2d 854, 93 S.Ct. 2041 (1973). Thus, the trial court correctly ruled that the items seized pursuant to these searches were admissible.

[2] Defendant also contends that the items seized during the second consent search were erroneously admitted into evidence on the ground that said search was conducted in violation of G.S. 15A-501(2) which provides that after arrest the officer "[m]ust . . . take the person arrested before a judicial official without unnecessary delay." Defendant argues that subsequent to his arrest he was not taken before a magistrate until after he had given his written consent to the second search. According to defendant this constitutes unnecessary delay within the meaning of the statute.

G.S. 15A-1446(a) states that "error may not be asserted upon appellate review unless the error has been brought to the attention of the trial court by appropriate and timely objection or motion." Defendant failed to raise the alleged illegality of the second consent search under G.S. 15A-501(2) before the trial court and therefore he cannot assert on appeal that violation of that statute renders inadmissible the items seized during the search. We note that the error asserted by defendant is not one of those which may be the subject of appellate review even though no objection, exception, or motion has been made in the trial division. *See* G.S. 15A-1446(d).

Notwithstanding defendant's failure to object, errors relating to rights arising under the statutory law of the State will not entitle defendant to a new trial unless he demonstrates that the error was material and prejudicial. *See* G.S. 15A-1443(a); *State v. Curmon*, 295 N.C. 453, 245 S.E. 2d 503 (1978); *State v. Alexander*, 279 N.C. 527, 184 S.E. 2d 274 (1971). Defendant fails to show how the alleged noncompliance with G.S. 15A-501(2) affected the voluntariness of his written consent to the search of his car.

In sum, defendant fails to show that the consents to search given by him were involuntary and further fails to demonstrate prejudice arising from the alleged violation of G.S. 15A-501(2). Defendant's first and second assignments of error are therefore overruled.

By his third assignment of error defendant contends the trial court erred in concluding his statement to police was voluntary and admissible into evidence. Defendant brings forward this assignment as the third question in his brief but makes no argument and cites no authorities upon which he relies in support of his position. Under Rule 28, Rules of Appellate Procedure, this as-

signment is deemed abandoned. Rule 28, *supra*; *State v. Wilson*, 289 N.C. 531, 223 S.E. 2d 311 (1976).

Defendant assigns as error certain portions of the charge relating to first degree burglary and to the sufficiency of the evidence to sustain a conviction for first degree burglary.

[3] Burglary in the first degree is the breaking and entering during the nighttime of an occupied dwelling house or sleeping apartment of another with intent to commit a felony therein. *State v. Wells*, 290 N.C. 485, 226 S.E. 2d 325 (1976); G.S. 14-51. Burglary in the second degree consists of all the elements of burglary in the first degree save the element of actual occupancy. *State v. Tippett*, 270 N.C. 588, 155 S.E. 2d 269 (1967). If the dwelling house or sleeping apartment is unoccupied at the time of the alleged breaking and entry by defendant, then the offense is burglary in the second degree. *Id.* Thus, the sole distinction between the two degrees of burglary is the element of actual occupancy of the dwelling house or sleeping apartment at the time of the breaking and entering. *State v. Allen*, 279 N.C. 115, 181 S.E. 2d 453 (1971).

Defendant contends the trial court erred by refusing to submit felonious breaking or entering as a possible verdict. Felonious breaking or entry is defined as the breaking or entry of any building with intent to commit any felony or larceny therein. G.S. 14-54(a). The statutory offense of felonious breaking or entering is a lesser included offense of burglary in the first and second degree. *State v. Bell*, 284 N.C. 416, 200 S.E. 2d 601 (1973). "The jury should be instructed on a lesser included offense when, and only when, there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor." *State v. Fleming*, 296 N.C. 559, 251 S.E. 2d 430 (1979) (citations omitted). *See also State v. Haywood*, 295 N.C. 709, 249 S.E. 2d 429 (1978).

[4, 5] To justify submission of felonious breaking or entering as a permissible verdict there must be evidence tending to show that defendant could have gained entry to victim's motel room by means other than a burglarious breaking, *i.e.*, a forcible entry. *State v. Bell, supra*; *State v. Chambers*, 218 N.C. 442, 11 S.E. 2d 280 (1940). Here, all the evidence tends to show a burglarious breaking. A breaking in the law of burglary constitutes any act of force, however slight, "employed to effect an entrance through

any usual or unusual place of ingress, whether open, partly open, or closed." *State v. Wilson*, 289 N.C. 531, 223 S.E. 2d 311 (1976). A breaking may be actual or constructive. *Id.* A constructive breaking occurs where entrance is obtained in consequence of violence commenced or threatened by defendant. *Id.* The evidence in this case tends to show that defendant gained entry into victim's motel room by pushing victim into the room as he opened the door. This clearly constitutes a constructive breaking. Accordingly, it was not error for the trial court to exclude felonious breaking or entering as a permissible verdict. This portion of defendant's fifth assignment of error is overruled.

In a related assignment defendant argues that the evidence does not justify a jury instruction on constructive breaking. This contention is unsound in light of our conclusion that the evidence in this case tends to show a constructive breaking. Defendant's sixth assignment of error is overruled.

Defendant challenges portions of the jury charge in which the elements of burglary are defined. We have carefully reviewed the challenged portions of the charge and find them free of error. The charge on burglary accurately defines the elements of the offense and correctly applies the law to the evidence. Defendant's seventh, eighth and ninth assignments of error are overruled.

[6] Defendant contends the trial court erred in failing to charge as to the possible punishment for all the offenses submitted to the jury. This contention is without merit. The trial judge is not required to instruct the jury regarding punishment. Such an instruction may be given or withheld in the court's discretion, and the exercise of that discretion will not, absent abuse, be disturbed on appeal. *State v. Wilson*, 293 N.C. 47, 235 S.E. 2d 219 (1977). *Accord, State v. Potter*, 295 N.C. 126, 244 S.E. 2d 397 (1978). No abuse of discretion is shown. This contention, which constitutes part of defendant's fifth assignment of error, is overruled.

At the close of all the evidence defendant moved to dismiss the action for insufficiency of the evidence to sustain a conviction for first degree burglary and armed robbery. The motion was denied. Failure to dismiss *as to first degree burglary* is assigned as error.

State v. Jolly

A motion to dismiss will be treated the same as a motion for judgment as of nonsuit. *State v. Stewart*, 292 N.C. 219, 232 S.E. 2d 443 (1977). Defendant's motion for nonsuit draws into question the sufficiency of all the evidence to go to the jury. *Id.* On motion for nonsuit the evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn from it. *State v. Lee*, 294 N.C. 299, 240 S.E. 2d 449 (1978). All of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is considered by the court in ruling on the motion. *State v. McKinney*, 288 N.C. 113, 215 S.E. 2d 578 (1975). If there is substantial evidence — whether direct or circumstantial, or both — to support a finding that the offense charged has been committed and that defendant committed it, a case for the jury is made out and nonsuit should be denied. *Id.* Contradictions and discrepancies in the evidence are for the jury to resolve and do not warrant nonsuit. *Id.* On the other hand, evidence which is sufficient only to raise a suspicion or conjecture of guilt is insufficient to withstand nonsuit. *State v. Lee*, supra.

**[7]** Specifically, defendant contends there was no substantial evidence from which a jury could find that the motel room was occupied at the time of the alleged breaking and entry by defendant. If at the time the breaking and entry occurs, the house is unoccupied, "however momentarily, and whether known to intruder or not, the offense is burglary in the second degree." *State v. Tippett, supra.* Thus, if there is no substantial evidence from which a jury could find actual occupancy then nonsuit as to first degree burglary should have been granted.

With respect to the element of occupancy, the State's evidence tends to show that defendant ran behind the victim as the victim approached the door to his motel room. Victim opened the door to the motel room. As victim was stepping inside the door he was pushed into the room by defendant. When the foregoing evidence is considered in the light most favorable to the State, and the State is given every reasonable inference to be drawn therefrom, it fails to show that victim was in the actual occupation of the motel room at the time the breaking and entry occurred. Since there was no substantial evidence of "actual occupation," it follows that the trial judge erred in submitting first degree burglary to the jury. Defendant's motion for nonsuit on

first degree burglary should have been allowed and second degree burglary should have been submitted.

As previously noted, the sole distinction between the two degrees of burglary is the element of actual occupancy. *State v. Allen, supra.* Otherwise, the elements of the two offenses are identical. *State v. Tippett, supra.* Thus, in finding defendant guilty of first degree burglary, the jury necessarily had to find facts establishing the offense of burglary in the second degree. Since there was insufficient evidence from which a jury could find actual occupancy of the motel room at the time of the breaking and entering, it follows that the verdict returned by the jury must be considered a verdict of guilty of burglary in the second degree. *Compare State v. Cox,* 281 N.C. 131, 187 S.E. 2d 785 (1972). Hence, leaving the verdict undisturbed but recognizing it for what it is, the judgment upon the verdict of guilty of first degree burglary is vacated and the cause is remanded to the Superior Court of Cumberland County for pronouncement of a judgment as upon a verdict of guilty of burglary in the second degree. The Clerk of the Superior Court of Cumberland County shall thereupon issue a revised commitment with respect to the revised judgment on the first count in case number 77CRS52772 bearing the same date as the original commitment for first degree burglary. The effect will be, and it is so intended, that defendant will receive credit upon the new commitment for all the time heretofore served for first degree burglary.

The valid judgment of imprisonment for ten to fifteen years for armed robbery pronounced on the second count in the bill of indictment was made to begin at the expiration of the life sentence imposed on the first count. Upon remand of this case the valid judgment for armed robbery shall be modified to provide that the ten-to-fifteen year sentence shall commence at the expiration of the sentence which may be imposed on the burglary count, or shall run concurrently with it, as the court in its discretion may determine. A new commitment shall issue accordingly.

Defendant's tenth assignment relates to the charge and is based on Exceptions 20 and 21. We have examined the challenged portion and find that it correctly states and applies the law. Defendant's final assignment is overruled without discussion.

As to the burglary count—Remanded for Judgment as for Verdict of Guilty of Second Degree Burglary.

As to the armed robbery count—No error.