STATE OF NORTH CAROLINA v. OBBIE FORD, JR.

No. 8312SC305

(Filed 3 January 1984)

1. **Criminal Law § 91.7— denial of motion for continuance—absence of witnesses—no abuse of discretion**

    The defendant failed to show that the denial of his motion for a continuance, which was grounded on defendant's attempt to contact and interview two potential alibi witnesses, was prejudicial error or an abuse of the trial court's discretion where defendant provided no affidavit or other proof in support of his motion at trial, and where on appeal, defendant offered no additional information as to when the potential witnesses would be available in order to justify a further delay. Since the defendant was given a fair opportunity to confront these potential alibi witnesses and ample time to prepare a defense with counsel, he was not denied his right to the effective assistance of counsel or his right of due process.

2. **Criminal Law § 66.14— pretrial photographic identification—officer indicating choices of witnesses correct—independent origin of in-court identification**

    Where two witnesses stated that they viewed photographic lineups individually, that they related their selections to the detectives separately, and that their choice of photographs was based on what they had seen the day of the robbery and not due to the detective's influence or suggestion, the fact that the detective stated that the witnesses had selected the picture of the defendant whom he believed was one of the robbers, even if improper, did not prevent the trial court from allowing the in-court identification of the defendant if the in-court identification was of independent origin, and there was evidence that the witness's in-court identification of the defendant was of independent origin.

APPEAL by defendant from *Britt (Samuel E.), Judge.* Judgment entered 20 October 1982 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 15 November 1983.

*Attorney General Edmisten by Assistant Attorney General Frank P. Graham for the State.*

*Assistant Public Defender John G. Britt, Jr., for defendant appellant.*

BRASWELL, Judge.

The Summerhill Self-Service Station was robbed on 15 December 1981 at 8:00 a.m. by two black males. The jury convicted the defendant, identified as the shorter of the two men, of robbery with a firearm. Prior to trial, the judge refused to grant the defendant's fifth motion for a continuance and later at trial refused to grant his motion to suppress evidence in which two of the three eyewitnesses identified the defendant as the shorter robber. The defendant appeals from the denial of these motions. After a careful examination of the record, we hold that the motions were properly denied.

The State's evidence tended to show that at the time of the robbery three employees were on duty at the service station. Catherine Diane Fowler was working as the cashier when two black men entered the store. The taller of the two men, holding a gun, ordered Ms. Fowler to go back into the station's office. In this office were the other two employees, Don Smith and Claudia Skeen, who were in the midst of posting the previous day's sales and counting the money to be deposited in the bank. Once they were in the office, the taller man proclaimed, "This is a robbery," while the shorter robber placed approximately $3,900 from the table into a bag. The taller man ordered the three employees on the floor, then fired his gun between Ms. Fowler and Mr. Smith as he and the other robber left.

Each employee was interviewed by detectives and shown photographic lineup displays on 29 March 1982. Each eyewitness viewed individually the two lineup displays containing six photographs of black men of similar ages and looks. All of the employees testified during the *voir dire* examination that neither the detective present nor anyone else suggested in any way

which photograph they should select. On the basis of their obser-
vation of the men the day of the robbery, Ms. Fowler and Ms.
Skeen selected the defendant's photograph as a picture of the
shorter robber, but could not make a positive identification of the
taller robber from the photographs. Mr. Smith picked two photo-
graphs, one from each lineup, as pictures of the two robbers but
neither of these photographs were of the defendant. Detective
Proctor who actually conducted the lineup display presentation
stated that after all of the employees had selected the photo-
graphs he indicated that the photograph of the defendant selected
by Ms. Fowler and Ms. Skeen was indeed a picture of one of the
robbers. The State only offered as evidence the pretrial identifica-
tions of Ms. Fowler and Ms. Skeen. The defendant offered no
evidence.

[1] The defendant's first assignment of error questions whether
the trial court committed reversible error by denying his motion
for a continuance. The record reveals that the trial was originally
set for 26 July 1982. On that date the defendant was granted a
continuance until 8 August 1982 to complete discovery and to con-
tinue plea negotiations in the case. The defendant was granted
three additional continuances on these grounds, the last of which
was to run until 16 September 1982. The defendant's trial was
then calendared for 18 October 1982. On 14 October 1982, the
defendant again moved for a continuance on the basis that the
defendant "has attempted . . . to contact and interview S/Sgt. An-
thony Bradley and Spec. 4 Thomas Miles" who "are potentially
alibi witnesses for the defendant." The motion further provided
"[t]hat defendant's attorney needs to talk to Bradley and Miles in
order to ascertain if they would be useful as witnesses for defend-
ant" and that the defendant's investigator has been informed that
both men will be out of State on an Army training assignment
and will not return prior to 18 October 1982. This final motion for
a continuance was denied.

Ordinarily, a motion for a continuance, absent an abuse of
discretion, is not reviewable. *State v. Smathers,* 287 N.C. 226, 214
S.E. 2d 112 (1975). Yet if the motion is based on a constitutional
right, denial of the motion presents a question of law, and not one
of discretion, and is reviewable. *State v. McFadden,* 292 N.C. 609,
234 S.E. 2d 742 (1977). Nevertheless, regardless of its nature,
denial of a motion for a continuance is grounds for a new trial

only upon a showing that the denial was error and that the defendant has been prejudiced by it. *State v. Lee,* 293 N.C. 570, 238 S.E. 2d 299 (1977). The defendant alleges in his brief that because the trial court refused to grant his motion for a continuance he was denied his constitutional right to the effective assistance of counsel and his constitutional right to due process of law. He attempts to establish that the denial of this motion denied him "the opportunity to develop and present a potential defense."

We find this case to be similar to *State v. Searles,* 304 N.C. 149, 282 S.E. 2d 430 (1981), where the defendant alleged he had been denied the effective assistance of counsel by the trial court's order granting him a continuance of only two days. In *Searles,* counsel was assigned to the defendant's case on 15 September 1980 and the case was originally calendared for 10 November 1980. The court even after having acknowledged that "the constitutional guarantees of assistance of counsel and confrontation of witnesses include the right of a defendant to have a reasonable time to investigate and prepare his case," stated that "[a]s a general matter . . . it is clear that defense counsel had more than ample time to confer with his client and any possible witnesses." *Id.* at 153-54, 282 S.E. 2d at 433. The court also found that it could not say as a matter of law that the trial court on the day the case was called for trial erred in not granting "a *longer* continuance for the purpose of locating a *potential* alibi witness." *Id.* at 154, 282 S.E. 2d at 434. (Emphasis in original.) Similarly, in the present case, defense counsel was appointed on 1 July 1982 and the case was finally calendared on 18 October 1982. Four days prior to trial, defense counsel also moved for a continuance in order to locate and to interview "potential" alibi witnesses. In the present case and in *Searles,* neither defense counsel made a meaningful attempt to inform the court the nature or contents of the potential alibi witnesses' testimony so as to provide the trial judge with a basis for determining whether the testimony would be material. *Quoting State v. Cradle,* 281 N.C. 198, 208, 188 S.E. 2d 296, 303, *cert. denied,* 409 U.S. 1047, 93 S.Ct. 537, 34 L.Ed. 2d 499 (1972), the *Searles* court stated that the defendant's motion

> for continuance is not supported by affidavit or other proof. In fact, the record suggests only a natural reluctance to go to trial and affords little basis to conclude that absent witnesses, if they existed, would ever be available. We are left

with the thought that defense counsel suffered more from lack of a defense than from lack of time. 'Continuances should not be granted unless the reasons therefor are fully established. Hence, a motion for a continuance should be supported by an affidavit showing sufficient grounds. *State v. Gibson*, 229 N.C. 497, 50 S.E. 2d 520 (1948).' *State v. Stepney*, 280 N.C. 306, 185 S.E. 2d 844 (1972).

*Id.* at 155, 282 S.E. 2d at 434. In the present case, defendant provided no such affidavit. In his motion and on appeal, he has offered no additional information as to when these potential witnesses would be available in order to justify a further delay. Since the defendant was given a fair opportunity to confront these potential alibi witnesses and ample time to prepare a defense with counsel (approximately 108 days), he has not been denied his right to the effective assistance of counsel or his right of due process. We hold that the defendant has not shown that the denial of his motion for a continuance was prejudicial error or an abuse of the trial court's discretion.

[2] The defendant's second assignment of error contends that the trial court committed reversible error by denying the defendant's motion to suppress identification evidence. Basically, our determination of this issue will turn on whether the detective's remarks to the eyewitnesses after they had made their identification tainted the out-of-court identification procedure. Normally, our first consideration would be to determine whether the "pretrial identification procedure was so impermissibly suggestive that there is a very substantial likelihood of irreparable misidentification." *State v. Hammond*, 307 N.C. 662, 667, 300 S.E. 2d 361, 364 (1983). *See also, State v. Headen*, 295 N.C. 437, 439, 245 S.E. 2d 706, 708 (1978). Yet, the Supreme Court in *State v. Ricks*, 308 N.C. 522, 526, 302 S.E. 2d 770, 772 (1983), stated that "[w]e have consistently held that an in-court identification is competent, even if improper pretrial identification procedures have taken place, so long as it is determined on *voir dire* that the in-court identification is of independent origin."

After such *voir dire* examinations were held in the present case, the trial judge specifically found that the photographic lineup procedure used by Detective Proctor was not "unnecessarily suggestive and conducive to irreparable mistaken identification

as to offend fundamental standards of decency, fairness and justice." These findings of fact are binding upon this Court if supported by competent evidence. *State v. Ricks, supra,* at 526, 302 S.E. 2d at 772; *see also, State v. Yancey,* 291 N.C. 656, 662, 231 S.E. 2d 637, 641 (1977). From our review of the *voir dire* transcript, we are of the opinion that the evidence supports the trial court's findings. Ms. Fowler, Ms. Skeen, and Detective Proctor were all examined by the trial court. Ms. Fowler and Ms. Skeen stated that they viewed the photographic lineups individually, that they related their selections to the detective separately, and that their choice of photographs was based on what they had seen the day of the robbery and not due to Detective Proctor's influence or suggestion. Detective Proctor testified that only after each witness had completed the identification procedure did he indicate that Ms. Fowler and Ms. Skeen had selected the picture of the defendant whom he believed to be one of the robbers. Even if Detective Proctor's remark was improper, the trial court could nevertheless allow the in-court identification of the defendant if the in-court identification was of an independent origin. *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149 (1967). The trial court in its order denying the defendant's motion to suppress found as a fact that "[t]he in-court identification of the defendant . . . by both Catherine Diane Fowler and Claudia Skeen is of independent origin based solely on what each observed on December 15, 1981 at the Summerhill Self Service . . . under well-lit conditions." Since this finding is supported by competent evidence obtained from the witnesses on *voir dire,* it is conclusive upon this Court. We hold that the trial court's ruling denying the defendant's motion to suppress was correct.

No error.

Judges ARNOLD and HILL concur.