STATE OF NORTH CAROLINA v. GREGORY KENT PARKS

No. 8514SC667

(Filed 19 November 1985)

### 1. Criminal Law § 66.17— in-court identification—independent origin from suggestive courtroom confrontation

Although a pretrial identification procedure at which the victim was informed by the prosecutor that her assailant would be sitting on the back row of the courtroom was suggestive, the victim's in-court identification of defendant as her assailant was of independent origin and properly admitted where the victim observed defendant in mid-morning light for about five minutes at the time of the crimes, her initial description of defendant was consistent with his actual appearance and her testimonial description of him, and the victim's description of the knife used by defendant matched the knife found in defendant's possession at the time of his arrest.

### 2. Criminal Law § 66.20— identification testimony—inconsistencies in voir dire testimony—no material conflict—findings not required

The trial court was not required to make findings of fact resolving inconsistencies between the testimony of an identification witness and the testimony of an officer who conducted a photographic lineup where the inconsistencies involved allegedly improper remarks by the officer; the remarks, if any, came after the witness had selected defendant's photograph; and there was thus no material conflict in the evidence.

### 3. Criminal Law § 66.16— in-court identification—independent origin from pretrial photographic identification

A witness's in-court identification of defendant was of independent origin and not tainted by a pretrial photographic identification where the witness saw defendant at least twice on the morning of the crime near the crime scene; the witness provided a detailed description of defendant a few hours after the crime and a detailed description of the car defendant was driving at the scene; his description of defendant's car matched the car defendant was driving when arrested; and his description of defendant prior to trial was consistent with his testimonial description of defendant.

### 4. Burglary and Unlawful Breakings § 5.5; Rape and Allied Offenses § 5— breaking or entering—attempted rape—sufficiency of evidence

The State's evidence was sufficient to support defendant's conviction of attempted first degree rape and felonious breaking or entering where it tended to show that the victim turned around to close her apartment door and discovered defendant standing in the breezeway near her apartment; defendant had a knife and told the victim that he wanted to have sexual intercourse with her; defendant forced open her door and, after a lengthy struggle during which the victim refused to stop screaming, fled from the scene.

APPEAL by defendant from *Clark, Judge.* Judgments entered 29 January 1985 in Superior Court, DURHAM County. Heard in the Court of Appeals 30 October 1985.

Defendant was charged in a proper bill of indictment with attempted first degree rape and felonious breaking or entering. At trial the State offered evidence which tends to show that after returning from the swimming pool on the morning of 30 August 1984, the victim turned around to close her apartment door and discovered defendant standing in the breezeway near her apartment. Defendant told the victim that he wanted to have sexual intercourse with her and forced open her door. After a lengthy struggle during which the victim refused to stop screaming, defendant fled.

The jury found defendant guilty of attempted first degree rape and felonious breaking and entering. From judgments imposing consecutive nine year and three year active prison sentences, defendant appealed.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Myron C. Banks, for the State.*

*Loflin & Loflin, by Thomas F. Loflin III, for defendant, appellant.*

HEDRICK, Chief Judge.

[1] In his first assignment of error, defendant contends that the trial court erred in refusing to suppress the in-court identification of defendant by the victim. Defendant contends, specifically, that the in-court identification of defendant by the victim was irreparably tainted by a prosecution arranged pre-trial identification procedure. The victim testified that several months prior to trial, the prosecutor told her to go to the courtroom to see if she could identify her assailant. She was informed by the prosecutor that defendant would be sitting on the back row and that he would answer when his name was called. After entering the courtroom, the victim looked at the persons seated on the back row and told her husband that defendant was the man who attacked her. She did not see defendant when he stood as his name was called.

The facts and circumstances of this courtroom confrontation were suggestive. The practice of showing an accused singly and

not as a part of a lineup for purposes of identification has been repeatedly condemned as being highly suggestive, even though it may be justified under some circumstances. *State v. Hunt,* 287 N.C. 360, 215 S.E. 2d 40 (1975). No circumstances necessitated the identification of defendant in the suggestive manner used in this case.

However, an in-court identification may be admissible despite improper pretrial identification procedures if the in-court identification is reliable and has an origin independent of the improper procedure. *State v. Henderson,* 285 N.C. 1, 203 S.E. 2d 10 (1974), *death sentence vacated,* 428 U.S. 902, 96 S.Ct. 3202, 49 L.Ed. 2d 1205 (1976). In the present case, the victim had previously observed defendant at the time of the crime and had been able to give an adequate description of him. She testified on direct examination that she observed defendant at close range in the mid-morning light for about five minutes. Her initial description of defendant was consistent with his actual appearance and her testimonial description of him. In addition, the victim's description of the knife used by defendant matched the knife found in defendant's possession at the time of his arrest. These facts are sufficient to establish the independent origin of the victim's in-court identification. Defendant's contention that the victim's in-court identification was irreparably tainted is, therefore, without merit.

We reject defendant's contention that the trial court should have resolved the discrepancies between the identification testimony of the victim and the testimony of another witness for the State, Dwight Parker. "[C]ontradictions and discrepancies in identification testimony are for the jury to resolve." *State v. Newman and State v. Newman,* 308 N.C. 231, 240, 302 S.E. 2d 174, 181 (1983).

[2] Defendant also contends that the court erred in refusing to suppress the identification evidence of State's witness, Dwight Parker. Defendant contends that the court failed to make specific findings of fact resolving the inconsistencies between Parker's testimony and the testimony of the officer conducting the photographic lineup. He also contends that the in-court identification of defendant by Parker was irreparably tainted by suggestive pre-trial identification procedures. We disagree.

As a general rule, after a hearing on a motion to suppress the evidence, the trial court must make written findings of fact and conclusions of law. G.S. 15-977(f); *State v. Grogan*, 40 N.C. App. 371, 253 S.E. 2d 20 (1979). Specific findings of fact are not required, however, where there is no material conflict in the evidence presented at the suppression hearing. *State v. Phillips*, 300 N.C. 678, 268 S.E. 2d 452 (1980); *State v. Smith*, 50 N.C. App. 188, 272 S.E. 2d 621 (1980).

In the present case, Parker testified that he was shown thirty to sixty photographs and that after he selected defendant's photograph from the lineup, the officer told him that the victim had selected the same photograph. The officer testified, on the other hand, that he showed Parker eight photographs and that he did not make any statements pertaining to the victim's selection. While the two accounts of the photographic lineup are not altogether reconcilable, it is uncontroverted that the improper remarks, if any, came after Parker had selected the defendant's photograph. Thus, there was no material conflict in the evidence, and specific findings of fact were not required. *State v. Phillips, supra; State v. Smith, supra.*

[3] Furthermore, it is clear that the in-court identification of the defendant by Parker was of independent origin and, therefore, admissible in any event. *State v. Ford*, 65 N.C. App. 776, 310 S.E. 2d 381 (1984). Parker's observation of defendant at the scene of the attack provided him with the basis for an identification independent of the photographic lineup. Parker saw defendant at least twice on the morning of the attack. He saw defendant standing near the swimming pool and again several minutes later when defendant parked his car. Parker also testified that he was face-to-face with defendant when defendant approached him and walked toward the rear of the apartment building. Parker provided a detailed description of defendant a few hours after the attack. He also provided a detailed description of the car defendant was driving at the scene. His description of defendant's car matched the car which defendant was driving when he was arrested. In addition, Parker's description of defendant prior to trial was consistent with his testimonial description of him.

[4] In his final assignment of error defendant contends that the trial court erred in denying defendant's motion to dismiss the

charges against him at the close of all the evidence. He contends that the charges should have been dismissed because the State's evidence was insufficient and hopelessly conflicting. We disagree.

In considering a motion to dismiss, the question for the court is whether there is substantial evidence of each essential element of the crime charged and of the defendant being the perpetrator of the crime. *State v. Earnhardt*, 307 N.C. 62, 296 S.E. 2d 649 (1982). The evidence must be viewed in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn therefrom. *State v. Simmons*, 57 N.C. App. 548, 291 S.E. 2d 815 (1982). Contradictions and discrepancies in the evidence are for the jury to resolve and do not warrant dismissal. *State v. Owen*, 51 N.C. App. 429, 276 S.E. 2d 478 (1981), *cert. denied,* 305 N.C. 154, 289 S.E. 2d 382 (1982).

To support a conviction for breaking or entering and attempted first degree rape, the State's evidence must show that defendant broke or entered the victim's home with the intent to commit the felony of rape. G.S. 14-54(a); *State v. Freeman,* 307 N.C. 445, 298 S.E. 2d 376 (1983); *State v. Jolly*, 297 N.C. 121, 254 S.E. 2d 1 (1979); *State v. Stafford,* 45 N.C. App. 297, 262 S.E. 2d 695 (1980). In addition, the State's evidence must show that defendant had the intent to commit the crime of rape as defined by G.S. 14-27(a)(2) and that defendant committed an act which went beyond mere preparation, but fell short of the actual completion of the offense. G.S. 14-27.6; *State v. Boone,* 307 N.C. 198, 297 S.E. 2d 585 (1982); *State v. Moser,* 74 N.C. App. 216, 328 S.E. 2d 315 (1985).

Viewing the evidence in the light most favorable to the State, we find that the testimony of the victim was sufficient to permit a jury to find beyond a reasonable doubt that defendant broke and entered the victim's home with the intent to commit the felony of rape.

No error.

Judges EAGLES and COZORT concur.