836 F.2d 1343
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gregory Kent PARKS, Petitioner-Appellant,
v.
Harry ALLSBROOK, Jr., Lacy Thornburg, Attorney General of
North Carolina, Respondents-Appellees.
 No. 87-6603.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 30, 1987.
Decided Jan. 8, 1988.
 
 Gregory Kent Parks, appellant pro se.
 Barry Steven McNeill, Assistant Attorney General, for appellees.
 Before DONALD RUSSELL, WIDENER, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Gregory Kent Parks was convicted of attempted rape and felonious breaking and entering. He contends that his convictions were unconstitutional because: (1) the victim's identification of him was tainted by suggestive pretrial identification procedures; (2) the evidence was insufficient to show that he attempted to rape the victim; (3) two prosecution witnesses violated a sequestration order; and (4) he received ineffective assistance of counsel.
 
 
 2
 Parks contends that the victim's in-court identification of him was tainted because two months after Parks was indicted and three months after the attack, the prosecutor conducted a "show-up" without informing Parks or his counsel. The evidence showed that the prosecutor told the victim that Parks wold be in a courtroom on December 3, 1984. He said that Parks would stand up when his name was called, and he asked the victim to go to court that day and to try to identify him. The victim did go to court that day, but she was unable to see Parks when his name was called because people were standing all around her. The prosecutor then told her that Parks was sitting in the back row of the courtroom. The prosecutor then left. The victim looked in the back row, saw Parks, and told her husband, who was with her at the time, that Parks was the man who had attacked her. It is undisputed that neither Parks nor his attorney was informed that Allison would be in the courtroom that day.
 
 
 3
 As the district court found, the December 3 identification procedure violated Parks' right to counsel, as it took place after Parks was indicted. Thus, the victim's in-court identification of him was inadmissible unless it had an independent origin. United States v. Wade, 388 U.S. 218, 240 (1967). In addition, as the North Carolina Court of Appeals found, the procedure was suggestive. State v. Parks, 77 N.C. 778, 779-80, 336 S.E.2d 424, 425 (1985). Thus, the in-court identification was inadmissible if the suggestive procedure created a "very substantial likelihood of irreparable misidentification." Manson v. Brathwaite, 432 U.S. 98, 116 (1977) (quoting Simmons v. United States, 390 U.S. 377, 384 (1968)). The factors used in determining whether the identification had an independent origin and whether there was a substantial likelihood of irreparable misidentification are essentially the same. Solomon v. Smith, 645 F.2d 1179, 1188 (2d Cir.1981). These factors are set out in Moore v. Illinois, 434 U.S. 218, 226 n. 2 (1977), and Willis v. Garrison, 624 F.2d 491, 494 (4th Cir.1980).
 
 
 4
 The admissibility of such an in-court identification following flawed pretrial identification procedures is a mixed question of law and fact. See Sumner v. Mata, 455 U.S. 591, 597 (1982). Parks complains that the district court improperly applied the presumption of correctness to the state court's finding that the victim's in-court identification had an independent origin. While the magistrate's report, adopted by the district court, did state that Parks had not overcome the presumption of correctness, the magistrate also stated that the admissibility of the identification was a mixed question of law and fact and he went on to make an independent evaluation of the evidence. At any rate, the evidence surrounding the identification does not appear to be in dispute in any significant sense.
 
 
 5
 An analysis of the factors governing admissibility shows that the admission of the victim's in-court identification did not violate the due process clause or Parks' right to counsel. The victim had a fair opportunity to view her assailant. She estimated that he was in her apartment for five minutes. She said that the bamboo shades were drawn in her apartment, but that the kitchen and living room lights were on. She had several opportunities to view him face to face at close range--when he forced his way into her apartment, when he pushed her up against the wall, told her to drop the telephone, and choked her, when he pulled her up off the floor after she regained consciousness and pushed her up against the partition again, and finally when he leaned over her on the sofa. Certainly her degree of attention was high in those circumstances.
 
 
 6
 In addition, the victim's identification was reasonably accurate although it was not very detailed. Parks contends that the victim's identification was inaccurate because she said that her attacker was 5'9" or 5'l0" tall, when Parks was 6'0". This discrepancy is insignificant. Parks also argues that otherwise she had just identified him as a black male. At the suppression hearing she testified that she had also described Parks' facial features while she was viewing a photo array.
 
 
 7
 In addition, the victim's identification at the show-up was very certain, according to her testimony. She had not identified another person as her assailant before the show-up. On the day of the attack, she picked Parks' picture out of a photo array, but was unable to say for certain that he was her assailant. When asked what was wrong with the picture, she told police that her attacker was clean shaven, but that the man in the picture had a moustache. In these circumstances, her uncertainty over the photo does not seriously impugn her identification.
 
 
 8
 The final factor to be considered is the amount of time between the crime and the questioned identification procedure. Moore, 434 U.S. 226 n. 2; Willis, 624 F.2d at 494. Parks notes that the magistrate failed to address this factor. Over three months had elapsed between the attack and the show-up. While such a substantial delay would mitigate against admissibility, the Supreme Court has upheld the admission of such an identification when seven months had elapsed between the crime and the identification. Neil v. Biggers, 409 U.S. 188, 201 (1972). The lapse of time between the crime and the courtroom identification did not render the victim's identification so unreliable that its admissibility violated Parks' constitutional rights.
 
 
 9
 Parks' remaining contentions are without merit for the reasons stated in the magistrate's report and recommendations, which were adopted by the district court. Parks v. Allsbrook, C/A No. 86-818-C-D (M.D.N.C. Aug. 25, 1987). We therefore deny a certificate of probable cause and dismiss the appeal. We dispense with oral argument because the facts and legal issues are adequately presented in the record and oral argument would not significantly aid the decisional process.
 
 
 10
 DISMISSED.