State v. Brown

———————

STATE OF NORTH CAROLINA v. WILLIAM ARTHUR BROWN

No. 7626SC933

(Filed 20 April 1977)

1. **Criminal Law § 146.1— issue not raised in superior court — no consideration on appeal**

    Defendant's contention that he was denied effective assistance of counsel because he was not represented by counsel at his preliminary hearing will not be considered by the Court of Appeals since the purported assignment of error is not based on anything that was presented or adjudicated in the superior court.

2. **Narcotics § 4— possession of heroin with intent to sell — sufficiency of evidence**

    Evidence that defendant possessed heroin with the intent to sell or deliver the same was sufficient for the jury where it tended to show that defendant was caught possessing 14 aluminum packets that

State v. Brown

were enclosed in a glassine envelope hidden in a cigarette pack; the same substance was in all of the aluminum packages; the ingredients from all the packages were combined and tested; and the substance was 2.8% heroin.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 25 May 1976 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 13 April 1977.

Defendant was charged with possession of heroin with intent to sell and deliver the same. The jury returned a verdict of guilty on the charge and he was sentenced to a term of not less than eight and not more than ten years.

*Attorney General Edmisten, by Associate Attorney Jesse Brake, for the State.*

*Public Defender Michael Scofield, by Assistant Public Defender Rufus F. Walker, Jr., for defendant appellant.*

VAUGHN, Judge.

[1] Defendant attempts to argue that he was denied effective assistance of counsel because he was not represented by counsel when probable cause was found in District Court on 3 October 1975. The record discloses that defendant signed a waiver of right to counsel on 6 August 1975. He was represented by the Public Defender at his trial in the Superior Court and at no time did he suggest to the court that he had been prejudiced by the absence of counsel at his preliminary hearing. Judgment was entered in the Superior Court on 25 May 1976. Thereafter, on 29 October 1976, defendant executed an affidavit wherein he contends that his request for counsel was denied. That affidavit was included in the record on appeal. This Court will not consider the purported assignment of error because it is not based on anything that was presented or adjudicated in the Superior Court.

[2] In defendant's only other argument, he contends that the case should have been dismissed because of the insufficiency of the evidence. He appears to concede that the evidence was sufficient to allow the jury to find that he had heroin in his possession. He argues, nevertheless, that there was no direct evidence that he intended to sell the heroin. The evidence disclosed that defendant was caught possessing 14 aluminum packages that were enclosed in a glassine envelope hidden in a cigarette

pack. The same substance was in all of the aluminum packages. The ingredients from all of the packages were combined and tested. The substance was 2.8 percent heroin. This evidence was sufficient to allow the jury to find that defendant possessed the heroin with the intent to sell or deliver the same.

No error.

Chief Judge BROCK and Judge CLARK concur.