STATE OF NORTH CAROLINA v. DONALD LEE BROTHERS

No. 769SC870

(Filed 4 May 1977)

Criminal Law § 166— necessity for argument in brief
    A question must be presented and argued in the brief in order to obtain appellate review of it. Rule 28(a), Rules of Appellate Procedure.

APPEAL by defendant from *Braswell, Judge.* Judgment entered 22 July 1976 in Superior Court, PERSON County. Heard in the Court of Appeals 6 April 1977.

Defendant was tried upon charges of (1) felonious breaking and entering and (2) felonious larceny. He was found guilty by the jury of felonious breaking and entering and sentenced to a term of seven years as a committed youthful offender.

*Attorney General Edmisten, by Associate Attorney Richard L. Griffin, for the State.*

*Walter Ray Vernon, Jr., for the defendant.*

BROCK, Chief Judge.

Defendant groups six assignments of error in the record on appeal. Two of these assignments of error are restated in defendant's brief as questions. However, defendant presents no argument and authority upon which he relies.

Rule 28(a) of the North Carolina Rules of Appellate Procedure provides in pertinent part:

"The function of all briefs required or permitted by these rules is to define clearly the questions presented to the reviewing court and to present the arguments and authorities upon which the parties rely in support of their respective positions thereon. Review is limited to questions so presented in the several briefs. Questions raised by assignments of error in appeals from trial tribunals but not then presented and discussed in a party's brief, are deemed abandoned."

Under App. R. 10(a) review is normally limited to questions which are based on exceptions and assignments of error properly set out in the record on appeal. The proviso to App. R. 10(a) allows review of the questions, without exceptions or assignments of error, which were reviewed under the old rules by the appeal itself or an exception to the judgment (such as the legal sufficiency of the indictment, subject matter jurisdiction, the plea, the jury verdict, and the judgment). However, this proviso does not negate the requirement of App. R. 28 that a question must be presented and argued in the brief in order to obtain appellate review of it. *See State v. McMorris,* 290 N.C. 286, 225 S.E. 2d 553 (1976).

This appeal presents no question for review.

No error.

Judges VAUGHN and CLARK concur.