STATE OF NORTH CAROLINA v. WILLIE JAMES THACKER

No. 7918SC745

(Filed 5 February 1980)

1. **Constitutional Law § 30— statements not made available during discovery — admission into evidence proper**
   The trial court did not err in allowing defendant's incriminating statements into evidence over objection because the statements were not provided to defendant during discovery proceedings, since the district attorney provided defendant with the information as soon as it became available to him, and defendant could have requested a continuance if he considered the State's response to his request untimely.

2. **Criminal Law § 76.5— incriminating statements — voir dire — failure to make findings**
   The trial court did not err in failing to make appropriate findings of fact in an order at the close of a voir dire hearing to determine the competency of defendant's incriminating statements, since the State's voir dire evidence was uncontradicted by defendant, and all the evidence showed that the statements by defendant were voluntary and made after appropriate warnings and waivers; furthermore, the court did enter an order containing detailed findings of fact after trial.

3. **Criminal Law § 154.5— settlement of case on appeal by trial judge**

When counsel disagree, only the trial judge is authorized and empowered by the Constitution to determine for the purposes of appeal what occurred during the trial.

4. **Criminal Law § 73— statement that third person owned contraband—exclusion as hearsay**

In a prosecution for possession and manufacture of marijuana, the trial court properly excluded as hearsay testimony by a witness that a third person had told her that the contraband in question belonged to him, and the testimony did not qualify as a declaration against penal interest.

5. **Criminal Law § 51— expert witness—finding of expertise not required**

Absent a request for a finding, it is not essential that the record show an express finding as to a witness's expertise.

APPEAL by defendant from *Walker (Ralph A.), Judge.* Judgment entered 7 March 1979 in Superior Court, GUILFORD County. Heard in the Court of Appeals 14 January 1980.

Defendant was tried on charges of keeping liquor for sale, felonious possession of marijuana, and maufacture of marijuana. He was found not guilty of the manufacturing charge and guilty of the other two charges. From judgment of imprisonment, defendant appeals.

*Attorney General Edmisten, by Associate Attorney Tiare B. Smiley, for the State.*

*Lee and Johnson, by Michael E. Lee, for defendant appellant.*

MARTIN (Harry C.), Judge.

Defendant contends the court erred in allowing his incriminating statements into evidence over objection because the statements were not provided to him during discovery proceedings and for the failure of the trial court to enter an order finding facts and making conclusions of law at the close of the voir dire hearing to determine the competency of the statements.

[1] Defendant requested discovery of any oral statements made by him which the state intended to offer in evidence. The state gave this information to defendant's counsel the day before trial. The delay in responding to this request was not intentional, as the evidence on voir dire showed the district attorney did not have this information earlier. It was not in the investigating of-

ficer's prosecution summary and was not brought out in the district court hearings. If defendant's counsel regarded the state's response as untimely, he should have requested a continuance of the trial. This he did not do. Whether evidence should be excluded for failure to comply with the discovery statutes is in the sound discretion of the trial court, *State v. Dollar,* 292 N.C. 344, 233 S.E. 2d 521 (1977), and is not reviewable on appeal except for abuse of discretion. *State v. Carter,* 289 N.C. 35, 220 S.E. 2d 313 (1975), *death sentence vacated,* 428 U.S. 904, 49 L.Ed. 2d 1211 (1976). We find no abuse of discretion by the trial court.

[2] Defendant further argues the court erred by failing to make appropriate findings in an order after the voir dire hearing. It is the better practice to make such findings. *State v. Riddick,* 291 N.C. 399, 230 S.E. 2d 506 (1976). Findings of fact and conclusions of law are not required where there is no conflict in the testimony and all the evidence tends to show that proper warnings were given to defendant and that he knowingly waived his rights and voluntarily made the statements. *State v. Richardson,* 295 N.C. 309, 245 S.E. 2d 754 (1978); *State v. Potter,* 295 N.C. 126, 244 S.E. 2d 397 (1978). The voir dire evidence of the state was uncontradicted by defendant. All the evidence showed the statements by defendant were voluntary, made after appropriate warnings and waivers.

The trial court did conclude that defendant's statements "are admissible as having been freely and voluntarily made after he was advised of his constitutional rights." Later, after trial, the court entered a detailed order, finding facts and making conclusions of law. Defendant has failed to show any prejudice from the belated entry of the order. In *Richardson, supra,* the Supreme Court held that defendant must show some prejudice from the entry of such order after trial in order to sustain his assignment of error. Defendant has failed to do so.

[3] Defendant also objects to the inclusion of the voir dire order as a part of the record on appeal. When counsel disagree, only the trial judge is authorized and empowered by the Constitution to determine for the purposes of appeal what occurred during the trial. *Rogers v. Asheville,* 182 N.C. 596, 109 S.E. 865 (1921).

[4] We also find no error in the court's evidentiary rulings. Defendant offered the testimony of Sandra Staley that John

Lewis (Flop) Cherry told her the contraband in question belonged to him. Clearly, the proffered testimony of Sandra Staley was inadmissible hearsay and the court properly excluded it. The testimony does not comply with the following required conditions to qualify as a declaration against penal interest and thus be admissible as an exception to the hearsay rule. There must be a showing that the declarant (Cherry) was beyond the jurisdiction of the court and that defendant had made a good faith effort to obtain his attendance at trial and that the declaration is an admission that declarant committed the crime in question and that the admission is inconsistent with the guilt of defendant. *State v. Haywood*, 295 N.C. 709, 249 S.E. 2d 429 (1978). None of these conditions is established in the record before us.

[5] Although the court did not make a finding that Officer Caviness was an expert in narcotics, the evidence showed he was an experienced narcotics officer with special training in that field. Absent a request for a finding, it is not essential that the record show an express finding as to the witness's expertise. *State v. Perry*, 275 N.C. 565, 169 S.E. 2d 839 (1969). Furthermore, counsel for defendant and the state stipulated that the contraband offered in evidence was 640 grams of marijuana, a Schedule VI controlled substance.

Defendant received a fair trial free of prejudicial error.

No error.

Chief Judge MORRIS and Judge HILL concur.