STATE OF NORTH CAROLINA v. CONRAD E. SMITH

No. 8012SC633

(Filed 16 December 1980)

**1. Criminal Law § 76.5— motion to suppress not supported by affidavit — findings of fact not required at suppresssion hearing**

Since defendant's affidavit failed to support his motion to suppress, the trial court properly denied the motion summarily, without making findings of fact; additionally, findings of fact are not required where there is no conflict in the evidence at the suppression hearing. G.S. 15A-977 (d) and (f).

**2. Criminal Law § 146.1— issues not presented at trial — no consideration on appeal**

The appellate court will not consider arguments based upon issues which were not presented or adjudicated by the trial tribunal.

**3. Criminal Law § 113.1— summary of evidence favorable to defendant**

There was no merit to defendant's contention that the trial court totally failed

to summarize evidence favorable to him and thereby failed to comply with G.S. 15A-1232.

APPEAL by defendant from *Lee, Judge.* Judgment entered 31 January 1980 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 11 November 1980.

Defendant was charged with armed robbery. The state's evidence tends to show that about 6:00 p.m. on 27 September 1979, a man entered the offices of Coble Dairy, forced four employees into an office at gunpoint, and stole a bank bag containing about $8,000 in cash and checks. The man was wearing a hood over his head. Witness Dorothy Autry testified that about that same time she saw a man come out of the Coble Building wearing a hood over his head. As she watched, he removed the hood. She identified defendant at trial as the man she saw leave Coble's building. A pretrial hearing was held on defendant's motion to suppress statements he made while in custody of police officers. The judge denied the motion without making findings of fact. From the verdict of guilty and judgment of imprisonment, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Daniel F. McLawhorn, for the State.*

*James R. Parish, Assistant Public Defender, Twelfth Judicial District, for defendant appellant.*

MARTIN (Harry C.), Judge.

[1]    Defendant argues the trial court committed reversible error by failing to find facts in its order denying defendant's motion to suppress. He relies upon N.C.G.S. 15A-977 (d) and (f). The statute requires an affidavit supporting the motion to suppress. Defendant's affidavit states that defendant was arrested without a warrant and without probable cause. The record contains the warrant issued 1 October 1979, ordering the arrest of defendant on this charge. The return of the arresting officer on the warrant shows defendant was arrested 1 October 1979. The officer testified he had the arrest warrant in his possession before and at the time he arrested defendant.

With the arrest warrant in the record before the trial court, the affidavit submitted did not, as a matter of law, support the motion to suppress. Pursuant to N.C. G.S. 15A-977 (c) (2), the trial court had the authority summarily to deny the motion. Nevertheless, he allowed

defendant an opportunity to produce such evidence on the question as he desired. Defendant's evidence only described how he was arrested and showed that he was served with a warrant after he was at the magistrate's office. Defendant did not challenge the validity of the arrest warrant but proceeded on the premise that the arrest was made without a warrant. The evidence of defendant at the suppression hearing did not contradict the state's evidence.

As defendant's affidavit failed to support the motion to suppress, the court properly denied the motion summarily, without making findings of fact. Additionally, findings of fact are not required where there is no conflict in the evidence at the suppression hearing. *State v. Potter,* 295 N.C. 126, 244 S.E.2d 397 (1978); *State v. Thacker,* 45 N.C. App. 102, 262 S.E.2d 305 (1980). The assignment of error is without merit.

**[2]** Next, defendant attempts to attack the arrest warrant in the appellate court. Defendant did not challenge the arrest warrant in the trial court. The record on appeal does not contain any exception or assignment of error as to the validity of the arrest warrant. The appellate court will not consider arguments based upon issues which were not presented or adjudicated by the trial tribunal. *State v. Wilson,* 237 N.C. 746, 75 S.E.2d 924 (1953); *State v. Brown,* 33 N.C. App. 84, 234 S.E.2d 32, *disc. rev. denied,* 292 N.C. 731 (1977), *cert. denied,* 296 N.C. 106 (1978). Further, the lack of an exception or assignment of error addressed to the issue attempted to be raised is a fatal defect. Rule 10 (a), N.C.R. App. Proc.; *State v. McMorris,* 290 N.C. 286, 225 S.E.2d 553 (1976); *State v. Brothers,* 33 N.C. App. 233, 234 S.E.2d 652, *disc. rev. denied,* 293 N.C. 160 (1977).

**[3]** Last, defendant contends the trial judge erred by failing to comply with N.C.G.S. 15A-1232. Defendant argues the court totally failed to summarize evidence favorable to him. The statute requires the trial judge to state the evidence to the extent necessary to explain the application of the law thereto. If the court recapitulates fully the evidence of the state but fails to summarize, at all, evidence favorable to defendant, he violates the clear mandate of the statute. *State v. Sanders,* 298 N.C. 512, 259 S.E.2d 258 (1979).

---

State v. Smith

---

set it out in his recapitulation of the evidence. The following portions of the summary of the evidence are favorable to defendant:

> That none of the four men present, that is, Beasley, Monterio, Goodman, or McClennihan could identify the individual who came in wearing a hood and carrying a gun.

> . . . [T]hat the man [Dorothy Autry] saw was the defendant Conrad E. Smith but that she later picked out a picture of someone other than the defendant from a photographic lineup.

> . . . .

> That latent fingerprints were lifted from a door in the area of the robbery and they were not the fingerprints of the defendant, Conrad Smith.

> . . . [T]hat [defendant] denied any knowledge of any robbery at Coble Dairy; that he stated that his car was never on Peace Street; that he did not lock himself out of his car; that he did not lend the car to anyone else on that Thursday; . . . .

Bearing in mind the paucity of evidence in the record favorable to defendant, we find that such evidence was fairly presented to the jury in the charge. The mere fact that the evidence favorable to the state occupied more space in the record than that favorable to defendant is not error. *State v. Sanders, supra; State v. Jessup,* 219 N.C. 620, 14 S.E.2d 668 (1941). There was not a total failure by the trial judge to present to the jury evidence favorable to defendant. Therefore, the rule expressed in *State v. Hewett,* 295 N.C. 640, 247 S.E.2d 886 (1978), that an objection to the charge is not required when there is a total failure of the trial court to summarize evidence favorable to defendant, is not applicable here. This appeal is governed by the general rule that an objection must be made to the court's review of the evidence before the jury retires so as to afford the trial judge an opportunity for correction. Otherwise, any errors in the court's review of the evidence are deemed to have been waived and will not be considered on appeal. *Id.* Defendant did not so object. This assignment of error is without merit.

In defendant's trial we find

No error.

Chief Judge MORRIS and Judge WEBB concur.