State v. Harper

STATE OF NORTH CAROLINA v. STEVEN DAVID HARPER

No. 805SC699

(Filed 16 December 1980)

1. Jury § 3.1— improper method of jury selection — defendant not prejudiced

Though the trial court deviated from the statutorily prescribed method of jury selection, defendant failed to show that he was prejudiced because he had full opportunity to examine and challenge prospective jurors and because, when the jury was finally constituted, defendant had one peremptory challenge remaining and had exercised no challenges for cause so that the jurors selected obviously met with his approval. G.S. 15A, Art. 72; G.S. 15A-1221 (3).

2. Criminal Law § 162— objection to evidence — similar evidence previously admitted

In a prosecution of defendant for breaking or entering and larceny, the trial court did not err in permitting a State's witness to testify concerning an entrance made into the building in question, since the witness had earlier testified, without objection, to substantially the same thing.

APPEAL by defendant from *Bruce, Judge.* Judgments entered 13 December 1979 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 4 December 1980.

Defendant was tried and convicted on five counts of felonious breaking and entering and four counts of felonious larceny. From judgments of imprisonment, defendant appeals.

*Attorney General Edmisten by Assistant Attorney General James E. Magner, Jr., for the State.*

*Arnold Smith for defendant appellant.*

WHICHARD, Judge.

The record on appeal contains six assignments of error, two of which are presented and discussed in defendant's brief. The other assignments, because they are not presented and discussed, are deemed abandoned. Rule 28 (a), North Carolina Rules of Appellate Procedure; *State v. McMorris,* 290 N.C. 286, 292, 225 S.E.2d 553, 557 (1976); *State v. Brothers,* 33 N.C.App. 233, 234 S.E.2d 652, *cert. denied,* 293 N.C. 160, 236 S.E.2d 704 (1977).

[1] By the first assignment of error presented and discussed, defendant contends the trial court erred in directing the jury selection procedure. In summary, the procedure was as follows:

The trial judge directed the clerk to call the names of twenty-four prospective jurors. After explaining the charges against defendant and the burden of proof, the judge asked the twenty-four an extended series of questions routinely propounded to prospective jurors. During his questioning, the judge excused one person who indicated that he was the victim in a pending criminal case.

Upon completion of questioning by the court, the prospective jurors were tendered first to the State and then to the defendant for supplemental questions. After supplemental questioning by the State and the defendant, they were tendered first to the State and then to the defendant for the purpose of exercising peremptory challenges. The State and the defendant each exercised four peremptory challenges. The trial judge then advised the State and the defendant that each had three peremptory challenges remaining. The State exercised no further challenges, and the defendant exercised two. The defendant's exercise of two further peremptory challenges left one person to serve as the alternate juror. The trial then commenced.

Defendant correctly contends that this procedure did not comply with the provisions of G.S. 15A, Article 72, Selecting and Impaneling the Jury, and with G.S. 15A-1221 (3). He fails, however, to demonstrate any prejudice to his rights or that a different result would likely have ensued from following the jury selection procedure set forth in the statutes. In 4 Strong's North Carolina Index 3d, *Criminal Law* §167 at 851, the author states, with supporting citations:

> To warrant a new trial, there should be made to appear that the ruling complained of was material and prejudicial to defendant's rights and that a different result would likely have ensued. . . .

---

---

. . . .

    Mere technical error will not entitle defendant to a new trial; it is necessary that error be material and prejudicial and amount to a denial of some substantial right.

This principle has been incorporated in the Criminal Procedure Act in G.S. 15A-1443 (a), which provides:

    A defendant is prejudiced by errors relating to rights arising other than under the Constitution of the United States when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises. The burden of showing such prejudice under this subsection is upon the defendant. Prejudice also exists in any instance in which it is deemed to exist as a matter of law or error is deemed reversible per se.

The defendant here had full opportunity to examine and challenge prospective jurors. Because, when the jury was finally constituted, defendant had one peremptory challenge remaining and had exercised no challenges for cause, the jurors selected obviously met with his approval. Under these circumstances we fail to see how defendant could have been prejudiced by the trial court's deviations from the statutorily prescribed method of jury selection. Therefore, this assignment of error is overruled.

**[2]** By the second assignment of error presented and discussed, defendant contends the court erred in permitting a State's witness to testify, in response to questioning about a photograph, "[t]hat is a view of the building looking toward the Northwest with my car and the patrol car there *where the entrance was made* into the building." (Emphasis supplied.) He argues that there was no proof at this point in the trial that an entrance had been made. His contention overlooks the prior testimony of this witness, admitted without objection, to the effect that a window of the building "was completely taken out" and that "whoever it was . . . had to completely remove the molding to completely remove the glass." The witness had also testified without objection, prior to the testimony objected to, that his inspection of "the building that had the window missing" had revealed that "there were a few packs of cigarettes and possibly a few bars of candy missing." "It is the well established rule that when evidence is admitted over objection but the same evidence has theretofore or thereafter been

admitted without objection, the benefit of the objection is ordinarily lost." *State v. Zimmerman,* 23 N.C.App. 396, 398, 209 S.E.2d 350, 352 (1974), *cert. denied,* 286 N.C. 420, 211 S.E.2d 800 (1975). Assuming, *arguendo* only, that defendant's objection to the testimony in question was otherwise meritorious, he clearly lost the benefit of his objection by his failure to object to the above-recited testimony which had been admitted previously. This assignment of error is without merit and is overruled.

No error.

Judges HEDRICK and CLARK concur.