STATE OF NORTH CAROLINA v. BOBBY STEPHENS

No. 805SC997

(Filed 17 March 1981)

1. **Jury § 3.1– improper method of jury selection – harmless error**

    Although the trial court erred when it failed to follow the procedure mandated by G.S. 15A-1214 for the selection of the jury, such error was not prejudicial to defendant where defendant did not exercise all of his peremptory challenges.

2. **Jury § 8– failure to impanel jury**

    Failure to impanel the jury in violation of G.S. 15A-1216 and G.S. 15A-1221(3) constituted prejudicial error.

APPEAL by defendant from *Bruce, Judge.* Judgment entered 13 December 1979 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 3 March 1981.

Defendant was tried for a crime against nature allegedly committed in the New Hanover County Jail. The jury was selected by the following process. The court ordered 24 members of the jury panel to be seated on the first row of seats in the courtroom. The court then explained the charges against the defendant and the burden of proof involved. The court asked a

series of questions of the prospective jurors and one was replaced. The State conducted a *voir dire* but was not permitted any challenges at that time. The defendant then conducted a *voir dire*. After the defendant had concluded his *voir dire*, the State exercised three peremptory challenges. The jury was tendered to the defendant who exercised six peremptory challenges. The court then designated 12 of the remaining 15 veniremen to serve as the jury with the other three as alternates. The defendant was allowed to exercise two peremptory challenges as to the alternates. The court then directed that the record show the jury selection had taken 55 minutes. The record does not show that the jury was impaneled.

The defendant was convicted and appealed from the imposition of a prison sentence.

*Attorney General Edmisten, by Special Deputy Attorney General John R.B. Matthis and Assistant Attorney General James C. Gulick, for the State.*

*Jacqueline Morris-Goodson for defendant appellant.*

WEBB, Judge.

[1] The court committed error when it did not follow the procedure mandated by G.S. 15A-1214 for the selection of the jury. It was also error not to impanel the jury. *See* G.S. 15A-1216.

In *State v. Harper*, 50 N.C. App._____, 272 S.E. 2d 600 (1980) this Court held the defendant did not show prejudicial error in the superior court's failure to follow the mandate of G.S. 15A-1214 in selecting the jury. This Court reasoned that since the defendant did not exercise all his peremptory challenges, the jurors impaneled met with the defendant's approval. In the case sub judice, the defendant exercised six peremptory challenges but did not attempt to exercise an additional peremptory challenge. We hold that we are bound by *State v. Harper, supra.* We find no prejudicial error in the violation of G.S. 15A-1214.

[2] As to the failure to impanel the jury in violation of G.S. 15A-1216 and G.S. 15A-1221(3), we hold this was prejudicial error. As is stated in the Official Commentary to G.S. 15A-1216, jeopardy does not attach until the jury is impaneled. This is too critical to the rights of the defendant to say it is not prejudicial.

Although we have not reversed because of the failure to follow G.S. 15A-1214, we do not approve of this procedure. The General Assembly has mandated a procedure for selecting juries. It is the duty of the courts to follow the law as enacted by the General Assembly.

New trial.

Judges HEDRICK and HILL concur.