STATE OF NORTH CAROLINA v. WILLIAM MACK PERRY AND WESLEY PERRY

No. 836SC1002

(Filed 3 July 1984)

**1. Indictment and Warrant § 15— motion to quash not timely**

By pleading and participating in the trial without ever making motions to quash, defendants waived their right to challenge the propriety of the issuance of the warrants and indictments.

**2. Searches and Seizures § 3— search of cornfield—no expectation of privacy**

In a prosecution of defendants for possession with intent to manufacture and manufacture of marijuana, there was no merit to defendants' contention that marijuana plants seized from cornfields farmed by defendants should have been excluded as the fruits of an illegal search, since the plants were found in a cornfield and beside a packhouse not near a dwelling or in an area in which defendants demonstrated they had a legitimate expectation of privacy.

**3. Narcotics § 4.3— marijuana in cornfield—constructive possession—sufficiency of evidence**

In a prosecution of defendants for possession with intent to manufacture and manufacture of marijuana, evidence was sufficient to be submitted to the jury where it tended to show that at least 39 marijuana plants were being grown in a cornfield farmed by defendants. G.S. 90-95(a)(1); G.S. 90-87(15).

**4. Constitutional Law § 67— identity of informant—no disclosure required**

The trial court did not err in denying defendants' motion to discover the identity of the confidential informant who told police about marijuana being grown in defendants' field, since defendants did not demonstrate that disclosure was essential to a fair trial.

**5. Criminal Law § 92.1— defendants charged with same offense—consolidation proper**

The trial court acted within its discretion in consolidating for trial the cases of defendants who were charged with the same offenses arising from the same set of circumstances.

**6. Criminal Law § 51.1— expert testimony—no finding as to witness's qualification**

In a prosecution for possession with intent to manufacture and manufacture of marijuana, the trial court did not err in admitting the sheriff's testimony about the marijuana, its value, weight, and the stages involved in its growth and harvest, though the court made no finding as to the witness's qualifications as an expert, since, in the absence of a special request by the defense, such a finding is deemed implicit in the trial court's admission of the challenged testimony.

**7. Criminal Law § 43— admissibility of photographs**

In a prosecution for possession with intent to manufacture and manufacture of marijuana, the trial court did not err in admitting photographs of marijuana plants and the cornfield where they were found growing, since the photographs were used to illustrate a witness's testimony.

**8. Criminal Law § 88.3— cross-examination as to collateral matters**

Where a shoplifting incident involving a State's witness was wholly collateral to the issue at trial, defense counsel was bound by the witness's answers denying involvement, and the trial court properly excluded testimony seeking to show to the contrary.

APPEAL by defendants from *Barefoot, Judge.* Judgment entered 5 May 1983 in Superior Court, BERTIE County. Heard in the Court of Appeals 4 June 1983.

Defendant, William Mack Perry, and his son, defendant Wesley Perry, were each charged in separate indictments with possession with intent to manufacture marijuana and manufacture of marijuana. After a consolidated trial, defendants were found guilty of both offenses and sentenced to two years.

The State's evidence tended to show: On 29 September 1982, law enforcement officers were informed of marijuana being grown on land farmed by defendants. The officers searched the farm and found two recently cut stalks of marijuana lying about four feet from the back of a packhouse. They also discovered marijuana plants growing in the back of a cornfield. Though the corn was dried out, the marijuana plants were green and healthy. Also in the cornfield was a galvanized washtub holding manure. A path led from the area of the cornfield where the marijuana plants grew to the packhouse and barn area. Defendants stipulated at trial that thirty-nine plants removed from the cornfield by law enforcement officers were marijuana.

State's witness, Rita Perry, testified that during the summer of 1982, she saw Mack Perry remove marijuana plants from the barn and replant them in an area near the field where the plants were discovered.

*Attorney General Edmisten, by James Peeler Smith, Assistant Attorney General, for the State.*

*Rosbon D. B. Whedbee, for defendant appellants.*

VAUGHN, Chief Judge.

[1] We summarily reject defendants' first contention that their arrest warrants and subsequent indictments were issued without probable cause. By pleading and participating in the trial without ever making motions to quash, defendants waived their right to challenge the propriety of the issuance of the warrants and indictments. *State v. Teasley,* 9 N.C. App. 477, 176 S.E. 2d 838, *cert. denied and appeal dismissed,* 277 N.C. 459, 177 S.E. 2d 900 (1970); *see* G.S. 15A-952; G.S. 15A-955; *State v. Lynch,* 300 N.C. 534, 268 S.E. 2d 161 (1980) (a motion to dismiss an indictment is waived unless it is made at or before the arraignment).

[2] At trial, the State introduced into evidence, over defense counsel's objection, marijuana plants seized from the cornfields farmed by defendants. Defendants contend that this evidence should have been excluded as the fruits of a search illegal under the fourth amendment. We find no merit in defendants' contention. The right to protection under the fourth amendment from governmental intrusion depends not upon a property right but upon whether there exists in the invaded area a reasonable expectation of privacy. *State v. Boone,* 293 N.C. 702, 239 S.E. 2d 459 (1977). Areas our courts have excluded from the protective guarantees of the fourth amendment include open fields, orchards, or lands not an immediate part of a dwelling site. *See State v. Spencer,* 281 N.C. 121, 187 S.E. 2d 779 (1972). The marijuana plants seized in this case were found in a cornfield and beside a packhouse not near a dwelling or in an area in which defendants demonstrated they had a legitimate expectation of privacy.

[3] Defendants next contend that the trial court erred by denying their motions for a directed verdict or for nonsuit. We find no error.

In testing the sufficiency of evidence to sustain a conviction upon a motion for a directed verdict or for nonsuit, the evidence must be considered in the light most favorable to the State, with the State entitled to every reasonable inference to be drawn therefrom. *State v. Lowe*, 295 N.C. 596, 247 S.E. 2d 878 (1978); *State v. Agnew*, 294 N.C. 382, 241 S.E. 2d 684, *cert. denied*, 439 U.S. 830, 99 S.Ct. 107, 58 L.Ed. 2d 124 (1978). Contrary to defendants' contention, it is irrelevant that the State relied primarily on circumstantial evidence to prove defendants' guilt. If there is substantial evidence, whether direct, circumstantial, or both that a crime was committed and that defendants committed it, then a motion for nonsuit or dismissal is properly denied. *State v. McKinney*, 288 N.C. 113, 215 S.E. 2d 578 (1975). Defendants in this case were charged with possession with intent to manufacture marijuana and felonious manufacture of marijuana in violation of G.S. 90-95(a)(1). The record reveals evidence of defendants' possession and manufacture of marijuana sufficient to withstand defendants' motions and leave to the jury the question of defendants' guilt.

Pursuant to G.S. 90-95(a)(1), an accused has possession of marijuana when he has both the power and intent to control its disposition. *State v. Wiggins*, 33 N.C. App. 291, 235 S.E. 2d 265, *cert. denied*, 293 N.C. 592, 241 S.E. 2d 513 (1977). Possession may be either actual or constructive. Constructive possession exists when an accused, though not having actual control and dominion over the marijuana, has the intent and capability of having such control and dominion. *Id.* Our courts have articulated the rule that contraband found on premises under the control of the accused may give rise to an inference of knowledge and possession sufficient to carry the case to the jury on the question of unlawful possession. *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972); *State v. Wiggins, supra.* In light of these principles, we hold that the jury was properly allowed to consider and render a verdict on the question of defendants' possession. The evidence here showed that defendants had control over the land and by inference over the plants grown thereon.

We reach the same conclusion on the question of defendants' felonious manufacture. The term "manufacture" under G.S. 90-95(a)(1) is defined in G.S. 90-87(15), in pertinent part, as "the production, preparation, propagation, compounding, conversion, or

processing of a controlled substance by any means, whether directly or indirectly, artificially or naturally . . ." The State's evidence, which showed that at least thirty-nine marijuana plants were being grown in a cornfield farmed by defendants was sufficient to support a conviction of intent to manufacture and of manufacturing marijuana. *See State v. Wiggins, supra; State v. Elam,* 19 N.C. App. 451, 199 S.E. 2d 45, *cert. denied and appeal dismissed,* 284 N.C. 256, 200 S.E. 2d 656 (1973).

[4] The next assignment of error we consider concerns the trial court's denial of defendants' motion to discover the identity of the confidential informant who told the police of the marijuana being grown. We find no error in the trial court's ruling. A defendant is not entitled to elicit the name of a confidential informant unless such disclosure is essential to a fair trial. *State v. Cherry,* 55 N.C. App. 603, 286 S.E. 2d 368, *review denied,* 305 N.C. 589, 292 S.E. 2d 572 (1982). Defendants have not demonstrated the necessity of such disclosure.

[5] We next consider defendant Mack Perry's contention that the trial court erred in denying his motion for a separate trial. We find no error. The trial court acted within its discretion in consolidating for trial the cases of defendants, charged with the same offenses arising from the same set of circumstances. *State v. Brower,* 289 N.C. 644, 224 S.E. 2d 551 (1976), *reconsideration denied,* 293 N.C. 259, 243 S.E. 2d 143 (1977).

We group together defendants' last several assignments of error which concern evidentiary rulings by the trial court.

[6] We find no merit in defendants' first evidentiary assignment of error concerning the trial court's decision to admit Sheriff Terry's testimony about the marijuana, its value, weight, and the stages involved in its growth and harvest. Defendants contend that Terry's testimony should have been excluded since the witness was not qualified as an expert on marijuana. Although the trial court made no findings as to Terry's qualifications as an expert, in the absence of a special request by the defense, such a finding is deemed implicit in the trial court's admission of the challenged testimony. *State v. Hunt,* 305 N.C. 238, 287 S.E. 2d 818 (1982). To challenge the proffered testimony on appeal, defense counsel should have made a special request to have Terry qualified as an expert. Defense counsel's general objection at trial to

the content of Terry's testimony was insufficient to preserve the matter for our review. *Id.; State v. Edwards and State v. Nance,* 49 N.C. App. 547, 272 S.E. 2d 384 (1980).

[7] Defendants' next assignment of error concerns the trial court's admission into evidence, over defense counsel's objection, photographs of the marijuana plants and the cornfield where they were found growing. We find no error in the admission of these photographs which the record shows were used to illustrate Sheriff Terry's testimony. *See* G.S. 8-97.

Defendants next contend that the trial court erred by excluding questions by defense counsel during cross-examination of Sheriff Terry. Because the record on appeal fails to indicate how the witness would have answered had he been permitted, we overrule this assignment of error. Without a proposed answer in the record, it is impossible to determine whether the exclusion thereof constituted prejudicial error. *State v. Davis,* 282 N.C. 107, 191 S.E. 2d 664 (1972).

Defendants' next contention concerns defense counsel's attempt to introduce into evidence income tax returns of defendant, Wesley Perry. We fail to see how this evidence is relevant on the question of defendant's guilt under G.S. 90-95. *See* G.S. 8C-1, Rule 401. We, therefore, overrule defendants' contention that the trial court's exclusion of this evidence constituted prejudicial error.

[8] Defendants next contend that the trial court erred in excluding testimony from one of their witnesses intended to impeach State's witness, Rita Perry, who had testified earlier. The testimony sought pertained to a shoplifting incident in which Ms. Perry, during earlier cross-examination, had denied any involvement. Because the shoplifting incident was wholly collateral to the issue at trial, defense counsel was bound by Ms. Perry's answers and the trial court was correct in excluding testimony seeking to show the contrary. *State v. Cross,* 284 N.C. 174, 200 S.E. 2d 27 (1973); *See* G.S. 8C-1, Rule 608.

Defendants' contention that they were prejudiced by their inability to cross-examine Sheriff Terry regarding defendant Mack Perry's knowledge of marijuana is overruled. Defendants cite no exception or assignment of error and, thus, this issue merits no

review. Rule 10(a); Rules of Appellate Procedure; *State v. Smith,* 50 N.C. App. 188, 272 S.E. 2d 621 (1980).

We find no merit in defendants' final evidentiary objection that they were prejudiced by the State's cross-examination of defendant, Dan Perry, as to how often he went to the cornfield where marijuana was growing. We find no abuse of discretion nor resulting prejudice to defendants from the trial court decision to admit such testimony. *See State v. Pinch,* 306 N.C. 1, 292 S.E. 2d 203, *cert. denied,* 459 U.S. 1056, 103 S.Ct. 474, 74 L.Ed. 2d 622 (1982); G.S. 8C-1, Rule 611(b).

Defendants received a fair trial. We find no error in the judgment and commitment of defendants.

No error.

Judges HEDRICK and WELLS concur.