STATE OF NORTH CAROLINA v. ROBERT LANE WISE

No. 8819SC615

(Filed 4 April 1989)

**Criminal Law §§ 50.1, 86.8— expert opinion on credibility of witness—prejudicial error**

Testimony by an expert in counseling children that an alleged rape victim was "genuine" when talking to her in counseling sessions amounted to an opinion that the victim was telling the truth and violated N.C.G.S. § 8C-1, Rules 405(a) and 608. Furthermore, the admission of such testimony was prejudicial error where the trial was basically a matter of the victim's accusations against defendant's denials.

STATE v. WISE

[93 N.C. App. 305 (1989)]

APPEAL by defendant from *Collier, Robert A., Jr., Judge*. Judgment entered 21 January 1988 in Superior Court, CABARRUS County. Heard in the Court of Appeals 23 January 1989.

Defendant Robert Lane Wise was tried before a jury on two separate indictments charging first degree rape of a twelve-year-old girl in violation of G.S. sec. 14-27.2(a)(1). The jury convicted the defendant of the rape which allegedly occurred on 14 June 1986, and found him not guilty of the charge stemming from the 30 May 1987 allegations. The trial judge imposed a mandatory life sentence for conviction of the 14 June 1986 offense, and defendant gave notice of appeal in open court.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Katherine R. White, for the State.*

*Cruse and Spence, by Kenneth B. Cruse and Thomas K. Spence, for defendant-appellant.*

JOHNSON, Judge.

The State's prosecuting witness testified to the following: Defendant is the step-uncle and neighbor of the prosecutrix. On 14 June 1986, defendant asked the prosecutrix to come to his house to babysit. When she arrived he asked her to accompany him to a storage building about five minutes away by car to help him pick up something. Defendant's two-year-old son went with the two to the warehouse, but remained asleep in defendant's van. After defendant and the prosecutrix got the item and walked to one end of the warehouse, the prosecutrix fell. At that point defendant held the child down on the floor by putting his knee on her stomach while pulling her shorts off. Defendant then proceeded to have sexual intercourse with the prosecutrix. The child waited until the defendant left and then put on her clothes and went home.

In June or July of 1987, the prosecutrix confided to the leader of her church youth group, Nadine Wilcox, that the defendant had had sexual intercourse with her. Mrs. Wilcox informed the prosecutrix's mother, and the defendant was subsequently charged with rape.

Defendant denied all of the allegations against him and testified that he was working at his job as manager of the Country Barn, a facility for lease to private groups for social functions, on 14 June 1986.

We find that only defendant's third Assignment of Error merits discussion. Insofar as the others are concerned, they are overruled.

By his third Assignment of Error, defendant contends that the trial court committed reversible error in allowing an expert witness who had interviewed the prosecutrix to testify that, in effect, the prosecutrix was telling the truth.

Gail Kay Mason, a professional counselor who worked with the prosecutrix during the investigation of this case, testified for the State. We note at the outset that the State's attorney did not initially tender Mrs. Mason as an expert in counseling children, nor did the court specifically find her to be an expert. After the witness had testified extensively on direct examination, defense counsel challenged Mrs. Mason's status as an expert and was allowed to question her about her qualifications. Although the court did not then specifically find Mrs. Mason to be an expert in counseling children, defendant's objection to her testimony was overruled. Our perusal of the record indicates that the witness Mason was qualified to testify as an expert. In the absence of a special request that a court expressly find that a witness is qualified as an expert, that finding will be deemed implicit in the court's admitting the witness' testimony. *State v. Perry*, 275 N.C. 565, 169 S.E. 2d 839 (1969); *State v. Perry*, 69 N.C. App. 477, 317 S.E. 2d 428 (1984). We believe that the situation before us falls under this general rule, and that the trial court may be deemed to have implicitly accepted Mrs. Mason as a witness by admitting her testimony.

In her testimony Mrs. Mason gave a detailed statement from her notes of what the prosecutrix told her in a counseling session concerning the alleged 14 June 1986 incident. The following interchange between the State's attorney and Mrs. Mason then occurred.

Q. Did you engage her also in a conversation concerning what had occurred on May 30, 1987?

A. I did not. All I have recorded is May 30th, same warehouse.

Q. So you didn't ask her specifically about individual, just in general.

A. Right. She was referred to me through victims' assistance. I was in a counseling—that was the way I perceived it, as far as a counseling endeavor.

Q. Now ma'am, could you describe her emotionally when she was telling you these things during these counseling sessions?

A. Genuine.

Although defense counsel objected to the witness' description of the prosecutrix during counseling sessions as "genuine," the court did not rule on the objection.

Defendant contends that Mrs. Mason's statement amounted to an expert opinion that the prosecutrix was telling the truth and violated G.S. sec. 8C-1, Rules 405 and 608, of the North Carolina Rules of Evidence. We agree that the response was improper.

G.S. sec. 8C-1, Rule 405(a) provides in part that "[e]xpert testimony on character or a trait of character is not admissible as circumstantial evidence of behavior." In addition, G.S. sec. 8C-1, Rule 608(a) states partially that "[t]he credibility of a witness may be attacked or supported by evidence in the form of reputation or opinion as provided in Rule 405(a), . . ." In observing the relation between the two rules of evidence, the commentary to Rule 608 states that "[t]he reference to Rule 405(a) is to make it clear that expert testimony on the credibility of a witness is not admissible." Our Supreme Court has upheld the mandate of Rules 405(a) and 608 in holding that expert opinion is inadmissible as it relates to the credibility of a witness. *State v. Kim*, 318 N.C. 614, 350 S.E. 2d 347 (1986); *State v. Aguallo*, 318 N.C. 590, 350 S.E. 2d 76 (1986); *State v. Heath*, 316 N.C. 337, 341 S.E. 2d 565 (1986).

In the case *sub judice*, Mrs. Mason's testimony that the prosecutrix was "genuine" when talking to her in counseling sessions clearly bore on the prosecutrix's credibility. The question which elicited her response, which inquired about the child's emotional state during the sessions, was not improper. It did, however, squarely invoke the witness' status as a professional. Her answer that the child was genuine, though unresponsive to the question, undoubtedly had the effect of establishing that the prosecutrix was telling the truth. *Kim, supra*. It is also important that Mrs. Mason's response came only moments after her detailed recounting of the alleged rape on 14 June 1986 as told to her by the prosecutrix. Thus, it improperly gave credibility to the prosecutrix's testimony concerning that incident. *Id.*

Having decided that the counselor's statement was improper, we must now determine whether the error was prejudicial to de-

STATE v. WISE

[93 N.C. App. 305 (1989)]

fendant so as to merit a new trial. To demonstrate prejudice, a defendant must show "a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial." G.S. sec. 15A-1443(a); *State v. Teeter*, 85 N.C. App. 624, 355 S.E. 2d 804, *writ denied, appeal dismissed, disc. rev. denied*, 320 N.C. 175, 358 S.E. 2d 66-67 (1987). We believe the contested statement meets this standard and was therefore prejudicial to defendant.

The State's case rested on the credibility of the prosecutrix. She did not report the incident in question until about a year after it allegedly occurred. Therefore, there was no medical evidence directly implicating the defendant. Although a physician who examined the prosecutrix on 29 June 1987 testified that there was evidence of penetration, he could not conclude that the prosecutrix had actually had sexual intercourse. Further, there was some inconsistency in the prosecutrix's statements. In one session with Mrs. Mason she claimed that defendant slapped her and threatened her verbally on 14 June 1986. The child later told the counselor that the slapping and threat never occurred. The prosecutrix also admitted at trial that she had lied earlier under oath when she claimed that she did not understand certain language allegedly used by defendant on 14 June 1986.

This trial was basically a matter of the prosecutrix's accusations against the defendant's denials. The credibility of each was critical. When Mrs. Mason declared the prosecutrix to be "genuine" she invaded the jury's province as sole fact finder to the prejudice of the defendant. Further, this comment stood without any instruction by the court to ignore it as to the prosecutrix's credibility. Under these facts, we conclude that in the absence of the challenged testimony there is a reasonable possibility that a different result would have been reached.

For the foregoing reasons we hold that defendant is entitled to a

New trial.

Judges WELLS and BECTON concur.