STATE OF NORTH CAROLINA v. JAMES BYRON FERGUSON

No. 9130SC550

(Filed 17 March 1992)

1. **Indictment and Warrant § 15 (NCI3d) — sufficiency of citation — waiver of right to challenge**

    When defendant entered his plea and proceeded to trial without a motion to quash the citation charging him with DWI, defendant waived his right to challenge the sufficiency of the citation on the ground that neither he nor the issuing officer signed portions of the citation indicating delivery to defendant.

    **Am Jur 2d, Indictments and Informations § 3.**

2. **Evidence and Witnesses § 724 (NCI4th) — DWI case — investigation of hit-and-run accident — relevancy — probative value outweighing prejudice**

    An officer's testimony that he was investigating a hit-and-run accident possibly involving a car registered to defendant's wife when he arrested defendant for DWI was relevant to explain the officer's presence at defendant's home, his reason for approaching defendant when defendant drove up to the home, and the nature of the conversation between the officer and defendant. Furthermore, the probative value of this evidence was not outweighed by unfair prejudice because the hit-and-run investigation did not center on the vehicle defendant was

STATE v. FERGUSON

[105 N.C. App. 692 (1992)]

driving and defendant was not charged in connection with the hit-and-run accident. N.C.G.S. § 8C-1, Rules 401, 402, and 403.

Am Jur 2d, Evidence § 321.

3. **Evidence and Witnesses § 765 (NCI4th) — DWI case — dog in patrol car for drug interdiction — opening door to testimony**

The trial court in a DWI prosecution did not err in admitting testimony by the arresting officer that a dog was in his patrol car for use in drug interdiction missions where defendant opened the door to such testimony by initially questioning the officer about the dog's presence in his patrol car.

Am Jur 2d, Evidence § 254.

4. **Criminal Law § 612 (NCI4th) — DWI case — motion to dismiss — incredible testimony — jury question**

The trial court properly denied defendant's motion to dismiss a DWI charge on the ground that the arresting officer's testimony was incredible because of a lack of memory concerning the incident, missing notes and a missing alcohol information sheet where there was sufficient evidence of each element of the crime charged, since questions of credibility are left solely to the jury.

Am Jur 2d, Witnesses § 658.

DEFENDANT appeals from Judgment entered 15 January 1991 by *Judge J. Marlene Hyatt* in HAYWOOD County Superior Court. Heard in the Court of Appeals 18 February 1992.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Hal F. Askins, for the State.*

*Roy H. Patton Jr., for defendant appellant.*

COZORT, Judge.

On 13 November 1990 defendant was convicted in Haywood District Court of driving while impaired. On appeal to superior court, the jury found defendant guilty as charged. Defendant received a one-year suspended sentence. From the judgment, defendant appeals. We find no error.

The State presented the following evidence: On 13 February 1990 Highway Patrol Trooper James Gladden went to defendant's

home at approximately 5:35 p.m. to investigate a hit-and-run automobile accident possibly involving a car registered to defendant's wife. As he was leaving the house, Trooper Gladden met a 1964 Buick approaching the house. Trooper Gladden observed defendant exiting the car on the driver's side and Ray White exiting the car on the passenger side. As Trooper Gladden approached defendant to question him concerning the hit-and-run, he noticed defendant smelled strongly of alcohol. He also observed that defendant was unsteady on his feet, had slightly slurred speech, and his eyes had a glazed look. From his observations, Trooper Gladden formed the opinion that defendant was impaired. He placed defendant under arrest for driving while impaired in violation of N.C. Gen. Stat. § 20-138.1 (1988). The chemical breath analysis test administered according to state law indicated defendant's blood alcohol level was 0.12.

Defendant offered the following evidence: Ray White and defendant were returning to defendant's house from an American Legion meeting. Since defendant knew he had consumed too much alcohol at the meeting to drive, Mr. White drove them both to defendant's house. Mr. White testified that he was the operator of the vehicle immediately prior to the encounter with Trooper Gladden. J. C. Cashwell testified that he was at the American Legion meeting and observed Mr. White enter the car on the driver's side and defendant enter the car on the passenger's side.

On appeal defendant contends the trial court (1) lacked jurisdiction to hear the case, (2) committed prejudicial error in admitting Trooper Gladden's testimony that he was at defendant's residence to investigate a hit-and-run accident, (3) committed plain error in admitting Trooper Gladden's testimony that he was at defendant's residence to investigate a hit-and-run accident, (4) committed prejudicial error in admitting Trooper Gladden's testimony that the normal mission of his dog was interstate drug interdiction, and (5) erred in denying defendant's motion to dismiss the charge at the close of all the evidence.

[1] In his first assignment of error, defendant argues the trial court lacked jurisdiction over the offense charged because neither he nor Trooper Gladden signed the citation indicating delivery to defendant. N.C. Gen. Stat. § 15A-302 (Cum. Supp. 1991) requires a copy of the citation to be delivered to the cited person who may sign a receipt on the original. If the cited person refuses

to sign, the officer issuing the citation must sign the original in-
dicating delivery. *Id.* Although Trooper Gladden signed the citation
once, he did not sign in the designated space to indicate delivery
of the citation to defendant. We find defendant has waived his
right to challenge the sufficiency of the citation by entering his
plea and proceeding to trial without a motion to quash the indict-
ment. *See State v. Perry*, 69 N.C. App. 477, 317 S.E.2d 428 (1984).

[2] In his second assignment of error, defendant contends the
trial court committed prejudicial error in admitting Trooper
Gladden's testimony that he was at defendant's residence for the
purpose of investigating a hit-and-run accident possibly involving
a car registered to defendant's wife. Specifically, defendant argues
that the hit-and-run investigation was irrelevant to the impaired
driving charge and should be excluded pursuant to N.C. Gen. Stat.
§ 8C-1, Rule 402 (1988). Alternatively, defendant argues, if relevant,
the evidence should have been excluded pursuant to N.C. Gen.
Stat. § 8C-1, Rule 403 because the probative value was outweighed
by the prejudicial effect of repeated implications that defendant
was connected in some way to another crime involving the driving
of a motor vehicle.

We find no error. N.C. Gen. Stat. § 8C-1, Rule 401 (1988) defines
relevant evidence as "having any tendency to make the existence
of any fact that is of consequence to the determination of the
action more probable or less probable than it would be without
the evidence." Upon reviewing the transcript, we find the statements
were relevant to explain the officer's presence at defendant's
residence, his reason for approaching defendant, and the nature
of the conversation between the officer and defendant.

We further conclude the probative value of the evidence was
not outweighed by unfair prejudice. Unfair prejudice is defined
as "undue tendency to suggest decision on an improper basis, com-
monly, though not necessarily, as an emotional one." Commentary,
N.C. Gen. Stat. § 8C-1, Rule 403 (1988). The admission of evidence
under Rule 403 is within the sound discretion of the trial court
and the court's ruling "may be reversed for an abuse of discretion
only upon a showing that it 'was so arbitrary that it could not
have been the result of a reasoned decision.' " *State v. Mason*,
315 N.C. 724, 731, 340 S.E.2d 430, 435 (1986) (quoting *State v.
Thompson*, 314 N.C. 618, 626, 336 S.E.2d 78, 82 (1985) ). There
was evidence presented to the jury that the hit-and-run investiga-

tion did not center on the vehicle defendant was driving, but rather his wife's vehicle, and defendant was not charged in connection with the hit-and-run accident. Considering the context of the officer's statements and all the evidence presented, we find no abuse of discretion since the statements were not so prejudicial as to cause the jury to find defendant guilty on an improper basis.

[3] In his next assignment of error, defendant contends the trial court erred in admitting Trooper Gladden's testimony that a dog was in the patrol car for use in drug interdiction missions. Specifically, defendant argues the evidence was irrelevant to the crime charged and unduly prejudicial because of the implication that defendant was involved in interstate drug trafficking, since the dog was present in the car at the time of the arrest. On cross-examination defendant initially questioned Trooper Gladden about the dog's presence. On redirect the State elicited the testimony at issue. Defendant opened the door on the issue of the dog's presence and cannot now be heard to complain that the evidence was irrelevant. Once elicited by defendant on cross-examination, the State had the right to examine the officer on the new information. *See State v. Erby*, 56 N.C. App. 358, 289 S.E.2d 86 (1982).

[4] In his final assignment of error, defendant argues the trial court erred in denying his motion to dismiss the charge at the close of all the evidence. Defendant concedes there was sufficient evidence of each element of the crime charged. He argues nonetheless that Trooper Gladden's testimony was not credible because of lack of memory concerning the incident, missing notes, and a missing alcohol information sheet. On a motion to dismiss, the trial court need only consider whether, giving the State every reasonable inference, there is substantial evidence to support a finding that the offense charged has been committed and the defendant was the perpetrator. *State v. Stocks*, 319 N.C. 437, 355 S.E.2d 492 (1987). Questions of credibility are left solely to the jury. *State v. Lester*, 294 N.C. 220, 240 S.E.2d 391 (1978). Defendant's argument is without merit.

No error.

Judges JOHNSON and GREENE concur.