STATE v. WORRELL

[119 N.C. App. 592 (1995)]

---

STATE OF NORTH CAROLINA v. LARRY WORRELL

No. 946SC654

(Filed 18 July 1995)

### Conspiracy § 31 (NCI4th)— conspiracy to murder witness— sufficiency of evidence

The evidence was sufficient to be submitted to the jury in a prosecution for conspiracy to commit murder of a witness. N.C.G.S. § 14-8.1(b).

**Am Jur 2d, Conspiracy § 40.**

Appeal by defendant from judgment entered 9 January 1992 by Judge Cy Grant in Hertford County Superior Court. Heard in the Court of Appeals 20 March 1995.

**STATE v. WORRELL**

[119 N.C. App. 592 (1995)]

This appeal arises from defendant's conviction for conspiracy to commit murder of a witness, Willie Vincent. Vincent, an informant, was expected to testify in a trial in which defendant was charged with selling controlled substances in Virginia. Nick Stohlman, an undercover narcotics agent made several narcotic purchases from Larry Stephenson, a friend of defendant. On one occasion, Stephenson asked Agent Stohlman if he wanted to earn $2500 by killing someone. Stephenson said that a friend wanted a man killed who was a witness against him in a Virginia case. The following day Agent Stohlman reported this conversation to Agent Frank Timberlake.

Agents Timberlake and Stohlman decided that Agent Stohlman would carry a hidden tape recorder and record his conversation with Stephenson about killing a witness. After picking up Stephenson, Agent Stohlman told Stephenson that he "need[ed] to make that $2500." Stephenson replied that defendant wanted someone "to knock off a guy that was a drug witness for him." They discussed in detail how and when they would kill the witness.

Stephenson was subsequently arrested. He agreed to cooperate with the police by secretly recording defendant. Stephenson and an agent posing as a hit man, Agent K. W. Thompson, went to defendant's place of business to discuss with him his plan to have the witness murdered. When they arrived Stephenson got out of the car and spoke with defendant for approximately one minute before motioning to Agent Thompson to get out of the car and join their conversation. Stephenson introduced Agent Thompson as "Tee" to defendant and told defendant that "Tee's talking about what we been talking about. We can do it right now, today." A conversation ensued between the three men, which was tape recorded by Agent Thompson. Defendant, Stephenson and Agent Thompson discussed killing "the guy" in North Carolina for $1700 so that defendant could avoid going to prison.

Defendant was charged with solicitation to commit murder of a witness and conspiracy to commit murder of a witness. Defendant was found not guilty of the solicitation charge and guilty of the conspiracy charge. He was sentenced to twenty-five years in prison. Defendant appeals his conspiracy conviction.

*Attorney General Michael F. Easley, by Special Deputy Attorney General James Peeler Smith and Associate Attorney General Wm. Dennis Worley, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender J. Michael Smith, for defendant appellant.*

ARNOLD, Chief Judge.

Defendant's first assignment of error is that he is entitled to a new trial because the State was unable to provide him with the tape recordings introduced into evidence at trial and published to the jury, thereby depriving him of constitutional and statutory rights. Defendant's assignment of error is not properly before this Court for appellate review. Under North Carolina Rule of Appellate Procedure Rule 10(c)(1) "[a] listing of the assignments of error upon which an appeal is predicated *shall* be stated at the conclusion of the record on appeal, in short form without argument, and shall be separately numbered." N.C.R. App. P. Rule 10(c)(1) (1995) (emphasis added). The scope of review on appeal is limited to those issues presented by assignment of error in the record on appeal. N.C.R. App. P. 10(a) (1995); *Koufman v. Koufman*, 330 N.C. 93, 408 S.E.2d 729 (1991). "[T]he lack of an exception or assignment of error addressed to the issue attempted to be raised is a fatal defect." *State v. Smith*, 50 N.C. App. 188, 190, 272 S.E.2d 621, 623 (1980).

In the instant case, none of defendant's four assignments of error listed in the record corresponds to the issue which he now raises. Defendant attempted to add an assignment of error corresponding to this issue by a motion to this Court made pursuant to Rule 9(b)(5) of the Rules of Appellate Procedure. The Court denied defendant's motion. Therefore, because no assignment of error was made, this issue is not properly before this Court for our review.

Defendant's remaining assignment of error is that the trial court erred in denying his motion to dismiss the charge of conspiracy to commit murder of a witness. To withstand defendant's motion to dismiss, the State had to show substantial evidence as to each of the essential elements of the crime. *State v. Bates*, 309 N.C. 528, 308 S.E.2d 258 (1983). The trial court must consider all the evidence in the light most favorable to the State, allowing every reasonable inference to be drawn therefrom. *State v. Lowery*, 318 N.C. 54, 347 S.E.2d 729 (1986).

The elements of conspiracy to commit murder of a witness are: (1) defendant entered into an agreement with at least one other person; (2) the agreement was to commit murder; (3) defendant and at least one other person intended that the agreement be carried out at the time it was made; (4) the intended murder victim was a witness against defendant; and (5) the intended murder victim was the

intended victim because of the exercise of his official duties. N.C. Gen. Stat. § 14-18.1(b) (1993); *see* N.C.P.I., Crim. 206.19 (1990); *see also State v. Woods*, 307 N.C. 213, 297 S.E.2d 574 (1982).

After reviewing the transcript in the present case, we hold that the evidence was sufficient to withstand defendant's motion. Through the testimony presented on behalf of the State, the evidence was sufficient to show that Larry Stephenson entered into an agreement with defendant to murder witness, Willie Vincent, before defendant's trial in October of 1991. Stephenson described to Agent Stohlman how and when defendant wanted to "knock off" the witness, thereby suggesting that he and defendant had previously agreed to commit a murder. Stephenson told defendant that he and "Tee" had been talking about "what we been talking about. We can do it right now, today." Stephenson further said, "We'll go on and take care of the job. You can just get the money and pay us Monday," to which defendant responded, "Alright." This evidence is sufficient to show a continuing agreement between defendant and Stephenson to have Vincent murdered. Furthermore, the evidence shows that defendant and Stephenson wanted the agreement to be carried out at the time it was made. They made plans to pay "Tee" the following Monday morning and have the witness killed later that day so that "Tee" could disappear by Monday night. Finally, although Willie Vincent was not mentioned by name, several references regarding the witness were made in the taped recordings as evidenced in the transcript. For example, Stephenson told Agent Stohlman, "[T]his guy [defendant] wants us to knock off is going to testify against him."

Therefore, all elements of conspiracy to commit murder of a witness were substantially supported by the evidence, and the trial court did not err in denying defendant's motions to dismiss.

No error.

Judges WYNN and JOHN concur.